UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS<br><br>GRAY PANTHERS,<br><br>               Plaintiffs,<br><br>       v.<br><br>MICHAEL LEAVITT, Secretary of Department of Health and Human Services,<br>               Defendant. | Civil Action 06-01607 (HHK) |

**ORDER**

Before the court are plaintiffs' motion for preliminary injunction [#3], and defendant's motion to dismiss and opposition to plaintiffs' motion for preliminary injunction [#6]. Upon consideration of these motions and the record of the case, the court concludes that plaintiffs successfully make the four-part showing required to obtain a preliminary injunction. Accordingly, it is this 27th day of September, 2006, hereby

**ORDERED** that plaintiffs' motion for a preliminary injunction [#3] is **GRANTED** and that defendant's motion to dismiss [#6] is **DENIED**; and it is further

**ORDERED** that the Secretary, his successors in office, his agents, employees and all persons acting in concert with him are preliminarily enjoined to send to each of the approximately 230,000 Medicare beneficiaries who received

an incorrect premium refund in early August 2006 and a letter from the Secretary requiring payment of those amounts by September 30, 2006, a letter that sets forth the following

a. that the beneficiary has a right under federal law to request that the recovery of the incorrect payment be waived;

b. that the right to waiver requires a showing that the beneficiary was not at fault and that it would either be against equity and good conscience to recover the overpayment, or would defeat the purposes of the Medicare program;

c. that the beneficiary may request waiver by checking a box on an included form indicating a desire to request waiver and returning it to the Secretary with a postmark of on or before the later of October 31, 2006, or 30 days from the date that the Secretary sends out the letter;

d. that if the beneficiary requests waiver, no recovery will be effected or demanded until the Secretary has made a decision on the waiver request;

e. that if the beneficiary has previously paid back any or all of the amount that was incorrectly paid to her, it will be refunded by the Secretary;

f. that the beneficiary may check a box on the form indicating her intention not to seek waiver and to repay the amount incorrectly paid, and including payment for that amount, to be returned to the Secretary by the later of October 31, 2006, or 30 days from the date that the Secretary sends out the letter; and it is further

**ORDERED** that the Secretary, his successors in office, his agents, employees and all persons acting in concert with him are preliminarily enjoined from collecting or holding any payment returned by any of the beneficiaries unless and until he has sent out the letter described above and has received the form back indicating a desire to pay with accompanying payment. Any payments previously received, or received after the date of this order, must be immediately returned to the beneficiaries so that they may decide whether to request waiver.

A memorandum articulating the court's reasons for issuing this order will follow.

        Henry H. Kennedy, Jr.
        United States District Judge