## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS ) | |
| GREY PANTHERS, ) | |
| ) | |
|        Plaintiffs, ) | |
| ) | |
|   v. ) | Civil Action No.:   06-1607 (HHK) |
| ) | |
| MICHAEL LEAVITT, Secretary of Health ) | |
| and Human Services., ) | |
| ) | |
|        Defendant. ) | |
|                    ) | |

## DEFENDANT'S MOTION TO STAY FURTHER PROCEEDINGS
## PENDING A FINAL DECISION OF THE COURT OF APPEALS

Defendant Michael O. Leavitt, Secretary of Health and Human Services, respectfully moves this Court to stay all further proceedings in this Court pending final resolution of the appeal of this Court's September 27, 2006 Order.  See Action Alliance of Senior Citizens v. Leavitt, No. 06-1607 (D.D.C. Sep. 27, 2006), appeal docketed,  No. 06-5295 (D.C. Cir. Sep. 29, 2006); see also Docket Entry No. 21.  Final resolution of the appeal will likely dispose of the legal issues presented in the entire civil action.  Accordingly, in the interests of comity and judicial efficiency, the Court should stay all further proceedings.  Pursuant to Local Rule 7(m), counsel for Defendant conferred with Plaintiffs' counsel, who objects to the relief requested herein.  The grounds for this motion are set forth below.  A proposed order is attached.

## BACKGROUND

On September 15, 2006, Plaintiffs Action Alliance of Senior Citizens and the Gray Panthers filed a complaint against Michael O. Leavitt, Secretary of Health and Human Services, seeking preliminary and permanent injunctive relief.  Compl., Docket Entry No. 1.  Plaintiffs

claimed that Medicare beneficiaries enrolled in the Medicare Prescription Drug program (Medicare Part D) who received premium refunds in error are entitled to a waiver of their obligation to repay the money if they can show that repayment would be a hardship.  See Compl. ¶¶ 41-44; see also 42 U.S.C. § 1395w-101 et seq.

On September 21, 2006, Defendant filed a Motion to Dismiss the Complaint and an Opposition to Plaintiffs' Motion for Preliminary Injunction.  Docket Entries No. 6, 7.  On September 26, 2006, the Court conducted a hearing, and on September 27, 2006, the Court granted Plaintiffs' motion for a preliminary injunction, directing the agency to return the money that it had already received and to notify all participants of their right to request a waiver.  Docket Entry No. 12.  Also on September 27, 2006, Plaintiffs filed their First Amended Complaint.[1] Docket Entry No. 13.

On September 29, 2006 the Secretary appealed the Court's Order and filed with the Court of Appeals an Emergency Motion for Stay Pending Appeal and a Temporary Stay Pending the Court's Consideration.  See Docket Entry No. 17.  The Court of Appeals granted the Secretary's motion and ordered that "the emergency motion for stay pending appeal be granted, and that the district court's order filed September 27, 2006 be stayed pending resolution of this appeal." Action Alliance of Senior Citizens v. Leavitt, No. 06-5295 (D.C. Cir. Oct 4, 2006); see also Docket Entry No. 21.  The Order further established a briefing schedule intended to resolve the

---

[1]  Plaintiffs' First Amended Complaint attempted to address the standing of Plaintiffs and added as a plaintiff the single plan participant, Lucy Loveall, who received an erroneous refund of $161.70.  Am. Compl. ¶ 9.  The Amended Complaint alleges that Ms. Loveall cannot afford to repay the $161.70 she received in error.  Id. ¶ 45.

matter in an expedited manner.[2]

On October 12, 2006, notwithstanding the stay, Plaintiffs served the Secretary with their First Set of Interrogatories and Requests for Admissions and for Production.

## ARGUMENT

This Court, in the interest of judicial economy, should stay all proceedings in district court pending final resolution of the appeal of this Court's September 27, 2006 Order. See, e.g., Curtis Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S.189, 183-84(1952); Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). The Court of Appeals issued an emergency stay pending resolution of the appeal of the District Court's September 27, 2006 Order. Action Alliance of Senior Citizens v. Leavitt, No. 06-5295 (D.C. Cir. Oct 4, 2006); see also Docket Entry No. 21. Because the issues currently before the Court of Appeals go directly to the merits of this case, a stay of all proceedings in this Court is appropriate.

Specifically, the Secretary contends that Medicare Part D enrollees are not entitled to keep erroneous premium refunds under the theory of waiver. See 42 U.S.C. § 1395gg(c); 42 C.F.R. §§ 405.357 and 405.358. If the Court of Appeals accepts the Secretary's contention that there is no entitlement to a waiver in this context, the case will be dismissed. Therefore, the resolution of the appeal will not only significantly impact, but may completely dispose of, the issues before this Court. At the very least, the Court of Appeals' ruling will likely narrow in scope any remaining issues. Accordingly, in the interest of judicial economy, all proceedings in the District Court, including but not limited to discovery and the filing of the Secretary's

---

[2] Pursuant to the Court of Appeals' Scheduling Order, briefing will be complete December 14, 2006, and the Order directed the clerk to schedule argument "on the first appropriate date on the court's January 2007 calendar." Id.

response to Plaintiffs' First Amended Complaint, should be stayed pending final resolution of the appeal of this Court's September 27, 2006 Order.

Regardless, Plaintiffs' requests for discovery are both premature and inappropriate. A party may not seek discovery from any source prior to the Rule 26(f) scheduling conference. See Fed. R. Civ. P. 26(d), (f), LCvR 16.3. The parties have not conferred or filed a Joint Report as required by LCvR 16.3, nor has there been, nor should there be, an initial 16.3 Scheduling Conference. Id.

With regard to the Amended Complaint, the Court may consider all of Defendant's previous submissions concerning the original Complaint. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1476 (West Pub. 1990); Clarry v. United States, 85 F.3d 1041, 1045 (2d Cir. 1996)(when complaint amended to add plaintiffs, district court properly considered defendant's motion to dismiss the original complaint as to the amended complaint); Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999) (where motion to dismiss was pending when plaintiff amended his complaint, "the court may consider [the motion to dismiss] in reviewing the amended complaint. . . ."); Holmes v. National Football League, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996)(court decided defendants' motion to dismiss with respect to claims raised in amended complaint which was filed after defendants' motion to dismiss was already pending); Datastorm Technologies, Inc. v. Excalibur Comm., Inc., 888 F. Supp. 112, 114 (N.D. Cal. 1995). Therefore, because this Court may consider Defendant's previous submissions concerning the merits of Plaintiffs' claims equally valid as to the Amended Complaint, any additional response to Plaintiffs' First Amended Complaint is not necessary at this time.

4

CONCLUSION

The Secretary respectfully requests that further proceedings in this matter be stayed

pending final resolution of the appeal of this Court's September 27, 2006 Order.


Dated: October 26, 2006                    Respectfully submitted,

                                           /s/
                                           JEFFREY A. TAYLOR, D.C. BAR No. 498610
                                           United States Attorney

                                           /s/
                                           MEGAN L. ROSE, N.C. Bar # 28639
                                           Assistant United States Attorney
                                           Civil Division
                                           555 Fourth St., N.W.
                                           Washington, D.C. 20530
                                           202-514-7220

                                           /s/
                                           MARCUS H. CHRIST
                                           LAWRENCE J. HARDER
                                           U.S. Department of Health and Human Services
                                              Office of the General Counsel
                                           Centers for Medicare & Medicaid Services
                                              Division
                                           7500 Security Blvd., C2-05-23
                                           Baltimore, MD 21244
                                           410-786-9304

5

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
  for Litigation

United States Department of
  Health and Human Services