UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS, GRAY PANTHERS, LUCY CAROLYN LOVEALL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 06-1607(HHK) ) |
| MICHAEL LEAVITT, Secretary of Department Of Health and Human Services, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY FURTHER PROCEEDINGS PENDING A FINAL DECISION OF THE COURT OF APPEALS**

Plaintiffs Action Alliance of Senior Citizens, the Gray Panthers, and Lucy Carolyn Loveall hereby oppose the Motion for Stay of Further Proceedings filed October 26, 2006 by the defendant Secretary of Health and Human Services ("Secretary"). As discussed below, the Secretary's Motion fails to meet the requisite burden for grant of a stay and should be denied.

**INTRODUCTION**

This case challenges the Secretary's failure to inform Medicare beneficiaries of their right to seek waiver of repayment of erroneously-issued refunds of premiums that they had paid to participate in a Medicare Part D drug plan, including the right to a pre-recoupment oral hearing on the waiver request. On September 27, 2006, the Court granted plaintiffs' motion for a preliminary injunction, and ordered the agency to return the repayments it had received and to notify all participants of their right to request waiver. Docket Entry No. 12. See *Action Alliance of Senior Citizens v. Leavitt*, --- F.Supp.2d ---, 2006 WL 2848614 (D.D.C. 2006). The Secretary

appealed the Court's Order on September 29, 2006 and obtained a stay from that Court of the preliminary injunction order pending appeal.

There is no justification for a stay of all further proceedings in this Court, however. Such a drastic measure would serve no purpose other than to frustrate plaintiffs' right to maintain their case and to damage the Court's and plaintiffs' interest in efficient litigation.

**I.      DEFENDANT FAILS TO MEET THE HEAVY BURDEN TO JUSTIFY A STAY**

Although a district court possesses the inherent and discretionary power to stay proceedings in civil litigation for prudential reasons, in deciding a motion to stay a court must exercise judgment that "weigh[s] competing interests and maintain[s] an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). This burden has been described as "heavy." *DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14, 31 (D.D.C. 2002). The governing standard set forth by the Supreme Court requires that the moving party "must make out a *clear* case of hardship or inequity in being required to go forward, if there is even a *fair possibility* that the stay will work damage to some one else." *Landis*, 299 U.S. at 255 (emphasis added). This standard follows the principle that "the right to proceed in court should not be denied except under the most extreme circumstances." *Id.* The Secretary fails to meet this burden and therefore cannot prevail.

In his motion, the Secretary makes conclusory assertions about judicial economy without bothering to suggest how he would suffer harm by going forward with the proceedings in this Court or to describe the "extreme circumstances" warranting a stay. Recently, this Court denied a defendant's motion to stay a motion to compel pending resolution of a similar subpoena issued

2

in another district court, rejecting defendant's arguments that a stay would serve the interests of efficiency and judicial economy and would avoid the possibility of inconsistent results on the same issue. *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003). Reciting the *Landis* standards, the Court denied the stay because the defendant "fails to even argue how it will suffer any harm by this court resolving the issues unquestionably before it." *Id.*; *see also Hisler v. Gallaudet University*, 344 F.Supp.2d 29, 35 (D.D.C. 2004) (where plaintiff sought stay pending resolution of two related cases in Court of Appeals, the district court, in denying the motion, held that "stating a possibility of inconsistencies in rulings on the same issue, without any explanation on how her claim will suffer any harm, does not establish, in itself, a 'clear case of hardship'"). Similarly here, the Secretary has failed to make out *any* affirmative showing of hardship or inequity in going forward with the present litigation, much less the requisite *clear case* on that point.

Plaintiffs posit that the Secretary is unable to sustain his burden of demonstrating unique harm because no appreciable harm will come to the Secretary in the absence of a stay. It is difficult to fathom how continued activity in the underlying litigation would harm the Secretary's interests. There exists no unfairness in requiring the Secretary to fulfill his obligation to timely answer the complaint in this action and otherwise participate in the action. As one court recently stated, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

If anything, a stay of all further proceedings in this matter would be inequitable and injurious to plaintiffs, whose right to pursue their claims would be held in abeyance. Interpreting *Landis*, the Court of Appeals has recognized that any protracted halting or limitation of plaintiffs' right

to maintain their case would require "not only a showing of need in terms of protecting the other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed. This consideration is of particular importance where the claim being stayed involves a not insubstantial claim of present and continuing infringement of constitutional rights." *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C.Cir. 1971).   Applying this analysis to the present situation, it is clear that the Secretary has failed to demonstrate a pressing need borne out of a clear case of harm that would warrant further hindrance on plaintiffs' effort to vindicate their statutory and constitutional rights.

> II.     **CONSIDERATIONS OF JUDICIAL ECONOMY MUST YIELD TO THE RIGHT OF PLAINTIFFS TO THEIR DAY IN COURT.**

Rather than applying the appropriate legal standard, the Secretary conclusively asserts that it is "in the interest of judicial economy" to stay discovery in this action pending final resolution of the appeal of the Court's injunctive order. However, this Circuit has recognized that a complete stay of discovery may not be in the interests of economy or justice, and that a court must weigh the importance of timely discovery in exercising its discretion to grant a stay. In *McSurely v. McClellan*, 426 F.2d 664, 672 n. 51 (D.C.Cir. 1970), the Court of Appeals vacated the portion of a district court's order staying all proceedings in a civil action pending resolution of a criminal trial raising some of the same issues and directed the district court to consider on remand "whether there may be means less drastic than complete denial of discovery." *See also Dellinger*, 442 F.2d at 787 (where related civil and criminal actions were simultaneously pending, the Court held that a total stay of the civil proceeding was "improvident" in scope).

The Secretary's assertion of judicial economy is based on speculation. The appeal of the preliminary injunction order is scheduled to be heard by the Court of Appeals on January 18,

2007, but the timing and nature of its resolution are unknown. Moreover, the Secretary does not and can not claim that resolution of the interlocutory appeal will conclusively determine this proceeding and avoid the need for further litigation in this proceeding.

Instead, the Secretary's argument falls back on the possibility that the Court of Appeals' ruling will "narrow in scope any remaining issues." Motion for Stay at 3. In a case where defendant sought a stay of proceedings pending final disposition of an earlier and substantially similar case brought in another circuit, this Court denied the motion because it was unclear what effect the earlier case would have on the litigation in question. *MCI Communications Corp. v. AT&T Co.*, 1982 WL 1806 at *3 (D.D.C.1982). It stated that, "while a decision in *MCI I* may very well have the effect of limiting the issues in this case and amount to collateral estoppel on some points, it simply does not appear that that decision will be truly dispositive of all issues now before this Court. At least, there is sufficient doubt that that will be the result, and this being so, a stay should not be granted." There is likewise "sufficient doubt" that the resolution of the Secretary's appeal will dispose of all issues before this Court.

In *DSMC, Inc.*, 273 F.Supp.2d at 31, defendants similarly argued that judicial economy and the fact that the outcome of arbitration could limit or narrow the issues before the court favored the stay of litigation pending arbitration. Defendants also raised three additional considerations supporting a stay: the outcome of case could have precedential effect on the arbitration, avoiding the risk of inconsistent determinations on the same factual issues, and the strong national policy in favor of arbitrating disputes. In denying the stay, this Court held that "[n]either [defendants] have met the heavy burden of persuading this Court that a stay is appropriate. Moreover, judicial economy will not be served by granting a stay. It is unclear how long the arbitration proceeding will take to complete." *Id.* Given the potentially lengthy stay sought by the Secretary, any

prospect of judicial economy must yield to the rights of the plaintiffs to have their day in court.

The D.C. Circuit has also recognized that the "balancing of the equities" analysis requires consideration of the duration of the proposed stay, and that its discretionary power to grant a stay "may be abused 'by a stay of indefinite duration in the absence of a pressing need.'" *McSurely*, 426 F.2d at 671 (quoting *Landis*, 299 U.S. at 255).  Thus, in a case involving a plaintiff who sought an indefinite stay after its counsel expressed an intention to withdraw from representation, the Court found that there was no pressing need for a stay because plaintiff had not made out a clear case of hardship or inequity and because delay would be unfair to the defendants.  *Barton v. District of Columbia,* 209 F.R.D. 274, 278 (D.D.C. 2002).  In the instant action, the Secretary has offered no need, pressing or otherwise, that would remotely justify the prejudice that plaintiffs would suffer by a stay of the proceedings before this Court.

The Secretary contends that plaintiffs have prematurely sought discovery in the instant action. Motion for Stay at 4.  Even assuming this were true, it is not relevant to whether a total stay of proceedings is justified.  Likewise, the Secretary's discussion of whether he is required to file an additional response to Plaintiffs' Amended Complaint has no bearing on the stay motion.  It is not clear what the point of that observation is in this context.

The fact that the Secretary fails in the first instance to make out a clear case of harm if he must proceed with the litigation in this Court alone mandates a denial of his motion for stay.  Beyond this, however, the Secretary has not made a convincing claim that considerations of judicial economy would support a stay in this case.  Plaintiffs have clearly demonstrated in their complaint and motion for preliminary injunction how they are harmed by the Secretary's failure to honor the right of Medicare beneficiaries to seek waiver of recovery of erroneous premium refunds and to have an oral hearing pursuant to a waiver request.  To stay further litigation in this

matter would impede plaintiffs' timely and efficient development of their claims. Insofar as the Secretary has not met the heavy burden of showing the necessity for staying this lawsuit, and insofar as a stay would unduly prejudice the plaintiffs, the motion to stay should be denied.

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's Motion to Stay Further Proceedings Pending a Final Decision of the Court of Appeals.

Respectfully submitted,

VICKI GOTTLICH
D.C. Bar No. 937185
PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W.,
Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
JUDITH STEIN
BRAD PLEBANI
WEY-WEY KWOK
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
100 North Stone Ave., Suite 305
Tucson, AZ 85701
(520) 327-9547

DATED:  November 2, 2006                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I, Jacqueline A. Bender, under the direction of counsel for the plaintiffs, Vicki Gottlich, certify that, on November 2, 2006, I served Plaintiffs' Opposition to Defendant's Motion to Stay Further Proceedings Pending a Final Decision of the Court of Appeals on defendant's counsel via e-mail and first class mail to the following addresses:

Megan L. Rose
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 514-7220
megan.rose@usdoj.gov

Marcus H. Christ
Office of the General Counsel, HHS
Centers for Medicare & Medicaid Services
7500 Security Blvd., C2-05-23
Baltimore, MD 21244
(410) 786-9304
marcus.christ@hhs.gov

                                                               Jacqueline A. Bender