UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS,<br>GRAY PANTHERS, LUCY CAROLYN LOVEALL,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL LEAVITT, Secretary of Department<br>Of Health and Human Services,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1607 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR AN ORDER ALLOWING DISCOVERY, OR, IN
THE ALTERNATIVE, SCHEDULING THE LOCAL RULE 16.3(a) CONFERENCE**

Plaintiffs Action Alliance of Senior Citizens, the Gray Panthers, and Lucy Carolyn Loveall respectfully request that the Court allow them to pursue discovery pursuant to F.R.Civ.P. 26(d), beginning with the discovery already served on defendant's counsel, or, in the alternative, set a date for the parties to confer pursuant to LCvR 16.3(a) and F.R.Civ.P. 26(f). Plaintiffs make this motion because time is of the essence in this case and delaying the beginning of discovery will serve no purpose. Pursuant to LCvR 7(m), counsel for the plaintiffs discussed the matter with counsel for the defendant, who expressed opposition to the proposed motion.

**INTRODUCTION**

The Court is fully familiar with this case and the issues that it raises, see *Action Alliance of Senior Citizens v. Leavitt*, --- F.Supp.2d ---, 2006 WL 2848614 (D.D.C. 2006), and plaintiffs will not repeat the points discussed in that decision. Subsequently, the Court of Appeals, without discussion, "ordered that the emergency motion for stay pending appeal be granted and that the district court's order filed September 27, 2006 be stayed pending resolution of this appeal."

Order, No. 06-5295 (D.C.Cir., Oct. 4, 2006). On October 12, 2006, plaintiffs served defendant by e-mail and first class mail with their First Set of Interrogatories and Requests for Admissions and for Production. (A copy of those discovery requests are attached hereto as an exhibit.) On October 26, 2006, defendant filed and served a Motion to Stay Further Proceedings Pending a Final Decision of the Court of Appeals." Plaintiffs are filing an opposition to that Motion contemporaneously with the filing of this Motion.

### THE COURT SHOULD ALLOW PLAINTIFFS TO PROCEED WITH DISCOVERY.

The Secretary bases his stay motion in part on the contention that plaintiffs' discovery requests are premature. Def. Motion at 4. As plaintiffs will explain in their opposition to that motion, that is not a valid ground to stay the proceeding. The proper response would have been a Motion for a Protective Order, which the Secretary has not filed.[1] In order to move the process along, plaintiffs are making this motion, so that the Court may decide, independent of the stay motion, whether discovery should be allowed at this time.

Rule 26(d) of the Federal Rules of Civil Procedure states in relevant part:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

If none of the Rule 26(a)(1)(E) exceptions are applicable,[2] discovery may not go forward in the absence of the Rule 26(f) conference unless the parties agree or the court so orders. The

---

[1] On October 31, 2006 plaintiffs' Washington counsel received in the mail the discovery requests that had been served on October 12 and that defendant was returning without responding to.

[2] In some recent challenges to Medicare policies and practices, the Secretary has contended that the matter is one for review of an administrative record, which would designate this case as one of the exceptions to Rule 26(a)(1)(E) and LCvR 16.3(b). See, *e.g., Landers v. Leavitt*, 2006 WL 2560297, *2 (D.Conn. 2006). The Secretary's contention in his stay motion that plaintiffs

2

Secretary has consistently indicated that he does not so agree, so that discovery may proceed only if the court orders it or orders the parties to confer in preparation for their joint report and initial scheduling conference.  Plaintiffs therefore request that the court allow discovery to proceed in order to permit plaintiffs to move this case ahead expeditiously.

The courts now generally apply a "good cause" standard to requests for discovery prior to the Rule 26(f) meeting.  *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz. 2001) (relying on Wright, Miller, and Marcus, 8 *Federal Practice & Procedure*, § 2046.1); see also, *e.g., Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D.Colo. 2002) (relying on *Yokohama Tire Corp.*).  As one court has recently summarized it: "[A] standard based upon reasonableness or good cause, taking into account the totality of the circumstances, is more in keeping with discretion bestowed upon the court in the Federal Rules of Civil Procedure."  *Dimension Data North America, Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005).

Discovery at this point in litigation is often permitted when a preliminary injunction is sought. See, *e.g., Pod-Ners*, 204 F.R.D. at 676.  That stage has already passed in this case, but similar reasoning should apply.  This Court has recognized that the affected beneficiaries are subject to irreparable harm if forced to pay back the erroneous payments made to them.  *Action Alliance*, 2006 WL 2848614, *9-*10.  Accordingly, it is critical that this matter be resolved as quickly as possible.  Plaintiffs should not be forced to wait until the Court of Appeals rules on the Secretary's appeal of the preliminary injunction order; that could be many months from now, as the appeal will not be argued until January 18, 2007.  See Order, No. 06-5295 (D.C.Cir., Oct.

---

are not yet entitled to discovery indicates that he does not believe that this case comes within that exception.

27, 2006). Moving now in the direction of obtaining a final decision in this Court becomes particularly important if the Court of Appeals' decision does not conclusively resolve the merits, as is entirely possible in light of the abuse of discretion standard applicable to review of a preliminary injunction order. See, *e.g., Serono Laboratories, Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C.Cir. 1998).

Allowing the discovery to proceed will not be unduly burdensome to the Secretary. If there is any particular burden, of course, the Secretary may seek a protective order. In the meantime, the totality of the circumstances supports allowing discovery to proceed as expeditiously as possible.

Plaintiffs therefore request that the Court either direct the Secretary to respond to the pending discovery requests by a date certain, or establish a schedule for the Rule 26(f) meeting, which would allow plaintiffs to pursue discovery. Alternative proposed Orders are attached.

Respectfully submitted,

*Vicki Gottlich/GB*
VICKI GOTTLICH
D.C. Bar No. 937185
PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W., Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
JUDITH STEIN
BRAD PLEBANI
WEY-WEY KWOK
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
100 North Stone Ave., Suite 305
Tucson, AZ 85701
(520) 327-9547

Attorneys for Plaintiffs

DATED: November 2, 2006

## CERTIFICATE OF SERVICE

  I, Jacqueline A. Bender, under the direction of counsel for the plaintiffs, Vicki Gottlich, certify that, on November 2, 2006, I served Plaintiffs' Motion for an Order Allowing Discovery, or, in the Alternative, Scheduling the Local Rule 16.3(a) Conference, and two (alternative proposed) Orders, on defendant's counsel via e-mail and first class mail to the following addresses:

Megan L. Rose
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 514-7220
megan.rose@usdoj.gov

Marcus H. Christ
Office of the General Counsel, HHS
Centers for Medicare & Medicaid Services
7500 Security Blvd., C2-05-23
Baltimore, MD 21244
(410) 786-9304
marcus.christ@hhs.gov

                 _____
                 Jacqueline A. Bender

# EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS,<br>GRAY PANTHERS, LUCY CAROLYN LOVEALL,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>MICHAEL LEAVITT, Secretary of Department<br>Of Health and Human Services,<br><br>　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  06-1607 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
ADMISSIONS AND FOR PRODUCTION**

Plaintiffs, by and through their undersigned counsel, request that Defendant respond to the following Interrogatories, Requests for Production, and Requests for Admissions under oath and in writing within thirty days of their service pursuant to Rules 33, 34, and 36, F.R.Civ.P.

**DEFINITIONS**

As used herein:

A.  The pronouns "you" and "your" refer to the Defendant, to the Department of Health and Human Services, to the Centers for Medicare & Medicaid Services (and its predecessors), and to the Defendant's representatives, agents, and attorneys.

B.  The term "document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, and includes, without limitation, the original or any copy of any original and any nonidentical copy of all writings or records of every kind, form, or character, including all pages, attachments, or enclosures, whether in draft or final version, and whether in

handwritten, computerized, or other form, and any printed, typed, recorded, graphic or photographic matter, or sound reproduction, including, but not limited to, correspondence, memoranda, logs, notes, charts, tables, brochures, pamphlets, instruction manuals, calendars, tape recordings, data compilations, computer inputs or outputs, minutes of meetings, and any other similar matter which is in your possession, custody, or control, or of which you are aware. Handwritten or other notations of any kind on any copy of a document render it nonidentical.

    C.  The terms "identify", "set forth", and "describe"

        (1) When used in reference to a person, shall mean to state his or her full name, social security number, and present or last known address and telephone number;

        (2) When used in reference to a document, means to state its type (*e.g.*, book, record, letter, memorandum), date, author, title, and subject matter;

        (3) When used in reference to a communication, means to state whether it was oral, written, or partly oral and partly written, and, to the extent written, to identify each document containing it and, to the extent oral, to state when and where it was made, to identify each person to whom it was made and each person who was present when it was made, and to state the substance of such communications;

        (4) When used in any other context than set forth above, means to describe the act, word, situation, event, etc., to be identified, as fully as possible, including the date, the identity of the participants, all other persons present and the communications that occurred.

    D.  "And" and "or" embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

    E.  The singular and masculine form of a noun or pronoun shall embrace, and be read and applied, as the plural or the feminine or neuter, as circumstances may make appropriate.

F. "CMS" means Center for Medicare and Medicaid Services.

## INSTRUCTIONS

A. <u>Scope and numbering of answers</u>: Divulge all information which is in your possession. Each interrogatory and each subparagraph of each interrogatory is to be fully and separately answered.

B. <u>Refusal to answer</u>: If you refuse to answer any interrogatory in whole or in part, describe the basis for your refusal to answer, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of your refusal, and identify each doument and oral communication for which a privilege is claimed.

C. <u>Partial answers</u>: With respect to any interrogatory contained herein, if you are able to provide some, but not all, of the information requested, provide such information as you can, and specifically identify the items which you cannot answer or refuse to answer.

D. <u>Supplementation of answers</u>: These discovery requests are to be supplemented as required by Rule 26(e), F.R.Civ.P.

E. <u>Use of documents</u>: If your answer to any interrogatory is derived in whole or part from a document, describe such document with sufficient specificity that it can be obtained from you by a request to produce, or, alternatively, supply with your answer a clear copy of the document.

F. <u>Separate instructions</u>: Unless expressly so stated, any separate instructions provided with an individual interrogatory shall be considered as supplemental instructions only, and shall not relieve you of the duty to respond in conformity with these instructions as well.

**REQUESTS FOR ADMISSIONS**

1. Please admit that the incorrect payment of certain amounts, in August 2006, to about 230,000 Medicare beneficiaries based on the monthly premium amounts owed by those beneficiaries under Medicare Part D was the fault of the government and not the fault of the recipients of those payments.

2. Please admit that, at the time that the incorrect payments were made, the monthly premiums for those Part D enrollees who received the incorrect payments had previously been collected via withholding from their Social Security benefits.

3. Please admit that, at the time that the incorrect payments were made, the monthly premiums for those Part D enrollees who received the incorrect payments had previously been paid to the appropriate prescription drug plan or Medicare Advantage with prescription drug plan.

4. Please admit that the incorrect payments were not a mistaken repayment of the premium itself, but, rather, were based on the amount of the monthly premium.

5. Please admit that three letters were sent out to the recipients of the incorrect payments about these payments: the first shortly before or at the time that the incorrect payments were made, a second one some time thereafter, and the third in late August or early September 2006.

6. Please admit that CMS presently does not have a regulatory or other requirement or guideline that allows Medicare beneficiaries who are or may be subject to the right to waiver and the right to notice of the right to waiver, pursuant to 42 C.F.R. §§ 405.357 and 405.358 and/or the Program Operations Manual System (POMS) § HI 01001.330, to request and receive an oral hearing prior to the recovery of an incorrect payment.

## INTERROGATORIES

1.  Identify by name, position title, and description of job duties, each of the persons responsible for answering each of the Requests for Admission and for Production and each of the following interrogatories.

2.  If your answer to Request for Admission No. 1 is anything other than an unequivocal admission, please explain the basis for your answer.

3.  Please describe the process, in chronological order, by which the mistaken payments were made and their recovery requested, including (but not limited to), the genesis of the problem, what agency sent the incorrect payments out, the source or fund from which the incorrect payments were made, whether and when CMS reimbursed the Social Security Administration if the latter had sent out the mistaken payments, and when during the sequence of events CMS first alerted the beneficiaries that the payments were incorrect and then directed that they be returned.

4.  The CMS letter of late August or early September to the recipients of the incorrect payments indicated that those for whom it would be a hardship to repay the incorrect amounts could request to repay in monthly installments.  What is the authority for allowing repayment by installments?

5.  If your answer to Request for Admission No. 2 is anything other than an unequivocal admission, please explain the basis for your answer, including, but not limited to, explaining when the premium payments were collected via withholding from their Social Security benefits and when the incorrect payments were sent out.

6.  If your answer to Request for Admission No. 3 is anything other than an unequivocal admission, please explain the basis for your answer, including, but not limited to, explaining

5

when the premium payments were paid to the prescription drug plans or Medicare Advantage with prescription drug plans and when the incorrect payments were sent out.

7.  If your answer to Request for Admission No. 4 is anything other than an unequivocal admission, please explain the basis for your answer.

8.  If your answer to Request for Admission No. 5 is anything other than an unequivocal admission, please explain the basis for your answer.

9.  Please describe the content of any or all letters that were sent to the recipients of the incorrect payments that were made in early August 2006.

10.  Since the Declaration of Leslie Norwalk was signed on September 29, 2006, how many more recipients of the incorrect payments have returned those payments and how much more has been returned, as of the date that this interrogatory is answered?

11.  Since the Court of Appeals for the District of Columbia Circuit issued its stay of the preliminary injunction order on October 4, 2006, what steps have you taken to collect the incorrect payments that had not previously been paid back?

12. What steps are you planning to take to collect the incorrect payments that have not previously been paid back, including, but not limited to, having the Social Security Administration withhold some or all of monthly benefits until the incorrect payment has been refunded?

13.  If your answer to Request for Admission No. 6 is anything other than an unequivocal admission, please explain the basis for your answer, including, but not limited to, setting out the citation for the rule or guideline that allows for such hearings.

14. If your answer to Request for Admission No. 6 is anything other than an unequivocal admission, how many prior oral hearings has CMS held in each of the last ten years for which you have statistics?

15. Please explain why CMS does not provide for prior oral hearings to Medicare beneficiaries who are seeking waiver of recovery.

16. If you have ever estimated or evaluated the potential cost of providing prior oral hearings related to requests for waiver of incorrect payments, both for all incorrect payments and for those caused solely by incorrect premium refunds, when did you do so and what were those costs, both per hearing and on an annual basis?

17. a) How many requests for waiver of recovery of incorrect payments have you received per year since 1990? b) How many of those were granted, by year?

## REQUESTS FOR PRODUCTION

1. Please produce copies of the generic version of the letters to which reference is made in Request for Admission No. 5.

2. Please produce all documents that evaluate or estimate the cost of providing prior oral hearings to Medicare beneficiaries who are entitled to notice of the right to waiver of recovery.

                                                                                 Respectfully submitted,

                                                                                 /s/ Vicki Gottlich
VICKI GOTTLICH
D.C. Bar No. 937185
PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W., Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
JUDITH STEIN
BRAD PLEBANI
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
100 North Stone Ave., Suite 305
Tucson, AZ 85701
(520) 327-9547

Attorneys for Plaintiffs

DATED: October 12, 2006

## CERTIFICATE OF SERVICE

I, Jacqueline A. Bender, under the direction of counsel for the plaintiffs, Vicki Gottlich, certify that, on October 12, 2006, I served Plaintiffs' First Set of Interrogatories and Requests for Admissions and for Production on defendant's counsel via e-mail and first class mail to the following addresses:

Megan L. Rose
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 514-7220
megan.rose@usdoj.gov

Marcus H. Christ
Office of the General Counsel, HHS
Centers for Medicare & Medicaid Services
7500 Security Blvd., C2-05-23
Baltimore, MD 21244
(410) 786-9304
marcus.christ@hhs.gov

Jacqueline A. Bender

8