UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ACTION ALLIANCE OF SENIOR CITIZENS,   )
GRAY PANTHERS, LUCY CAROLYN LOVEALL   )
                                      )
                 Plaintiffs,          )
                                      )
     v.                               )   C.A. No. 06-1607 (HHK)
                                      )
MICHAEL LEAVITT, Secretary of Department )
Of Health and Human Services          )
                                      )
                 Defendant.           )
_____)

**PLAINTIFFS' MOTION TO VACATE STAY AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs hereby move to vacate the stay of proceedings entered on November 7, 2006, and also respectfully move pursuant to Fed R. Civ. P. 15(a) and LCvR 7(i) for leave to file a second amended complaint. These motions are based on the Statement of Points and Authorities below, the Second Amended Complaint lodged with this motion, and on the pleadings and other documents previously filed in this matter.

**STATEMENT OF POINTS AND AUTHORITIES**

**I.     Introduction**

This case raises a significant issue about the government's handling of the new Medicare Part D program. The particular context in which it arises is itself important, as the challenged action has adversely affected about 230,000 beneficiaries, most of whom have fixed and limited incomes, because of a mistake attributed solely to the government. At issue is the action of the defendant Secretary of Health and Human Services ("Secretary") in demanding repayment of Title II monies that were erroneously issued to

these beneficiaries as a Part D premium refund, without affording them the right to request a hardship waiver and notice of that right. The Secretary's decision not to accord these beneficiaries the right to seek waiver of recovery indicates that he will not apply hardship waiver rules to inevitable future mistakes as well.

The individual plaintiff, Lucy Carolyn Loveall, is a Medicare beneficiary who received an erroneous refund, applied the amount toward her bills, and then received a letter from the Secretary demanding that she return the payment. The organization plaintiffs, Action Alliance and Gray Panthers, provide information and assistance to Medicare beneficiaries, some of whom received the erroneous premium refund. The Secretary's policy has deprived the individuals served by these organizations of the information necessary to make an informed choice as to how to proceed.

Plaintiffs filed this lawsuit to enforce the rights to seek waiver of recovery of the erroneous payments and to notice of that right. They wish now to amend their complaint to specifically invoke the Title II waiver provisions (42 U.S.C. § 404(b), regulations, and POMS) as the proper authority for the relief they seek, and to dispose of their claims based on the Medicare waiver statute (42 U.S.C. § 1395gg(c)) and regulations. They also wish to amend the complaint to add the Commissioner of the Social Security Administration ("Commissioner") as a defendant, and to provide new information relevant to the issue of jurisdiction.

**II.    Statement of the Issue to be Decided**

Should the Court vacate the stay of proceedings in this matter and order the filing of Plaintiffs' Second Amended Complaint pursuant to F.R.Civ.P. 15(a)?

**III.   Statement of the Facts**

### A. Procedural posture

On September 15, 2006, plaintiff organizations filed in this Court the original complaint and their Motion for Temporary Restraining Order and a Preliminary Injunction, contending that the Secretary is obligated to provide Part D beneficiaries with the right to seek waiver of recovery when they receive incorrect payments, notice of that right, and the right to pre-recovery oral hearings on a waiver request. The Secretary filed a motion to dismiss, contending that plaintiffs lacked standing and argued in his opposing motion that Part D beneficiaries receiving erroneous refunds were not entitled to waiver of recovery. An amended complaint was later filed adding Lucy Carolyn Loveall as a plaintiff. To date, the Secretary has not answered the complaints in this matter.

On September 27, 2006, this Court granted the preliminary injunction and issued an order of relief requiring the Secretary to cease his collection efforts until he had notified the affected beneficiaries of their right to seek waiver and given them an opportunity to act on that right. In its opinion, the Court held that the beneficiary organizations met the standards for representational standing and all four of the traditional factors for a preliminary injunction, including a substantial likelihood of success on the merits. The Court concluded that the Social Security statute, 42 U.S.C. § 404(b), cited in the complaint, supplied the authorization for waiver of recovery of Part D amounts erroneously refunded. *Action Alliance of Senior Citizens v. Leavitt,* 456 F.Supp.2d. 11, 15 (D.D.C. 2006), vacated on other grounds, 483 F.3d 852 (D.C.Cir. 2007).

On September 29, 2006, the Secretary filed a notice of appeal and sought stays of the injunction Order in both this Court and the appellate court. On October 4, the

3

appellate court granted a stay pending appeal. On November 7, this Court ordered a stay of further proceedings until thirty days after the final decision of the court of appeals.

On April 17, 2007, the Court of Appeals decided, without ruling on the merits of plaintiffs' claim under 42 U.S.C. § 404(b), that the district court did not have jurisdiction over that claim pursuant to the judicial review provision of 42 U.S.C. § 405(g). *Action Alliance of Senior Citizens v. Leavitt,* 483 F.3d 852 (D.C.Cir. 2007). Although the Secretary had never questioned the issue of jurisdiction, the appellate court took up the inquiry on its own motion and determined that the organizational plaintiffs failed to satisfy the presentment requirement of § 405(g) because they had not specifically cited § 404(b) when they presented their claim to the Secretary. The court found that the individual plaintiff had not satisfied presentment because, although she objected to the proposed recovery and indeed never paid the money back, she had not explicitly asked that it be waived.[1]

Plaintiffs fail to see the fairness or logic in requiring, for the sake of the district court's jurisdiction, that the complaining party specifically request waiver (and/or cite the United States Code provision) at the first step of the administrative process, when the heart of the complaint is that the agency failed to inform them that they have a right to make such a request. Nonetheless, compelled by the hope of obtaining relief through a decision on the merits of their case, plaintiffs have since endeavored to fulfill the exact requirements of presentment imposed by the appellate court. Plaintiffs have now specifically presented their claim of right and request for relief pursuant to § 404(b) in

---

[1] Plaintiffs believe that this analysis contradicts Supreme Court decisions that do not impose such a strict presentment requirement under § 405(g). For this reason, on May 30, 2007, plaintiffs filed a petition for rehearing and rehearing en banc to request that the appellate court reconsider its position.

4

writing to the Secretary and Deputy Administer of CMS, as well as to the Commissioner of the Social Security Administration. *See Exhibits B and C to proposed Second Amended Complaint.*

Plaintiffs wish now to amend the complaint to add the Social Security Administration as a defendant, add claims specifying that the defendants' actions violate the Title II waiver provision at 42 U.S.C. § 404(b), and add new information supporting the plaintiffs' efforts to perfect the presentation of their claim to the defendants.[2]

### B. This case is at an early stage.

The complaint was filed and served on September 15, 2006. Plaintiffs timely filed a First Amended Complaint as of right on September 27, 2006, to add an additional plaintiff, Lucy Carolyn Loveall. To date, Defendant has not filed an answer to the Amended Complaint.

Although the case was filed nine months ago, the proceedings have been stayed for most of that time period pending the Defendant's appeal of the preliminary injunction order. The appellate court's decision was issued six weeks ago, and this motion, which is based largely on the outcome of that decision, is being filed expeditiously. Discovery in this case was only at the point of initiation when the stay was entered, and there is considerable work to be done. As such, this case is at an early stage and the efficient administration of justice requires that plaintiffs be given leave to file a second amended complaint.

---

[2] Amendments subsequent to an amendment of right require that a plaintiff first seek leave of court or obtain the opposing party's written consent before filing another amended complaint. *See* Fed. R. Civ. P. 15(a). Plaintiffs here have sought permission from the Defendant to file the second amended complaint, but he declined to grant consent.

5

### IV.     Argument

**Courts apply an extremely liberal standard to motions for leave to amend, and no reason exists why leave should not here be granted.**

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint "shall be freely granted when justice so requires."  This circuit has stated that, "It is common ground that Rule 15 embodies a generally favorable policy toward amendments." *Davis v. Liberty Mutual Insurance Co.,* 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) (citations omitted).  While the decision to grant leave to amend a complaint is left to the court's discretion, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith, or dilatory motive…repeated failure to cure deficiencies by [previous] amendments…[or] futility of amendment.'" *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir. 1996) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)).

As a general rule the courts look to four factors in deciding whether to allow an amendment.  These are prejudice to the opposing party, undue delay, bad faith, and futility of the proposed amendment. *Foman,* 371 U.S. at 182.

*1. No prejudice:* The defendant will not suffer substantial prejudice if the proposed amended complaint is filed, especially in light of the early stage of the case and the fact that discovery has not even begun.  To date, the Secretary has not even responded to the earlier complaints filed in this action.  In this amendment, plaintiffs are not changing the direction or the scope of the litigation.  They simply substitute the legal authority upon which they rely for the right to waiver of recovery and notice thereof.  The amended claims invoking the Title II waiver provision (42 U.S.C. § 404(b)) are closely related to the original claims made pursuant to the Medicare waiver provision (42 U.S.C.

6

§ 1395gg) and grow out of the same circumstance as those claims. § 404(b) was discussed in the original complaint, relied upon by this Court as the legal authority for granting plaintiffs' motion for preliminary injunction, and thoroughly addressed by both sides in the appellate briefings. As such, the Secretary could not in good faith suggest that the added claim unfairly presents novel arguments or theories.

In addition, the inclusion of the SSA Commissioner as a defendant will not prejudice the Secretary. If anything, joining the Commissioner will help to ensure timely adjudication of the case and allow the court to order appropriate relief from the proper party or parties.

Finally, there is no prejudice to the Secretary in allowing plaintiffs to allege new facts that would enable the court to exercise jurisdiction over this matter. The Secretary never questioned the court's jurisdiction in first instance, but only argued against it when the appellate court requested supplemental briefing on the issue. The prejudice or harm that would accrue to the plaintiffs if the amendment were not allowed is far greater than harm caused to the Secretary in allowing it.

*2. No undue delay:* The proceedings in this case were stayed in its infancy pending resolution of the government's appeal. Without delay, plaintiffs are now filing this motion less than two months after the appellate court issued its decision. The Secretary has not yet answered the existing complaint, and discovery has not yet begun in this case. Moreover, it is hard to argue that plaintiffs delayed in raising new claims when these claims were fully contemplated and briefed by the parties during the interlocutory appeal, but the appellate court did not reach the merits of these claims.

*3. No bad faith:* There is not the remotest indication of bad faith here. Plaintiffs

are not trapping defendant or otherwise placing him in an untenable position. They are not bringing this motion with any hidden agenda. Plaintiffs are simply using the information now available to them in light of the appellate court's decision to ensure that the court has adequate jurisdiction to adjudicate their claims, that all legitimate claims are raised, and that all potentially responsible parties have been included as defendants so that the court can accord full relief. Plaintiffs have acted well within their rights.

Over the past months, plaintiffs have gained increasing knowledge of the interaction between CMS and SSA and their dual responsibility for carrying out Part D premium collections and payments. Accordingly, plaintiffs now seek to add the Commissioner because they believe in good faith that he bears liability under the claims pled. Moreover, the plaintiffs have acted in good faith and well within their rights in their attempts to re-present their claims to the Secretary, and to apply for relief through the statutory mechanism available to them.

*4. No futility:* The proposed amendments are not futile. The amended claims alleging that the defendants violated plaintiffs' rights under 42 U.S.C. § 404(b) are legitimate. Plaintiffs are confident that they will prevail on their claims because the statute, and the regulations and policy applying that provision, explicitly afford them a right to seek waiver of recovery and be notified of that right when they receive an erroneous payment of Title II benefits. There is likewise no futility in including the Commissioner as a defendant. The claims in this matter clearly implicate the Social Security Administration. Finally, plaintiffs' attempts to satisfy the presentment requirement for the purposes of judicial review under 42 U.S.C. § 405(g) cannot be considered a futile endeavor. Plaintiffs have now followed exactly the appellate court's

8

stringent directions to ensure that they have adequately presented their claims to the defendant agencies, and seek to allege the same.

There exists no reason why the proposed amended complaint should not be allowed. Given the policy favoring liberal amendment of complaints, that there is no prejudice to the defendant, and that allowing this to go forward will facilitate a full and timely disposition of this case on the merits, this is an entirely appropriate instance for the Court to grant leave to amend.

## CONCLUSION

For the above reasons, Plaintiffs' Motion to Vacate Stay and Motion for Leave to File Second Amended Complaint should be granted.

Respectfully submitted,

*/s/ Vicki Gottlich*

VICKI GOTTLICH
D.C. Bar No. 937185
PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W., Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
WEY-WEY KWOK
D.C. Bar No. 461647
JUDITH STEIN
BRAD PLEBANI
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790

                                                SALLY HART
Center for Medicare Advocacy, Inc.
2033 East Speedway Blvd., Suite 200
Tucson, AZ 85719
(520) 322-0126

Attorneys for Plaintiff

DATED:  May 31, 2007

## CERTIFICATE OF SERVICE

    I, Michael Rubin, under the direction of counsel for the plaintiffs, Vicki Gottlich, certify that, on May 31, 2007, the Plaintiffs' Motion to Vacate Stay and Motion for Leave to File Second Amended Complaint was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael Rubin
_____
Michael Rubin