IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS GREY PANTHERS, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LEAVITT, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 06-1607-HHK |

**DEFENDANT'S EXHIBIT E**

[ORAL ARGUMENT HEARD ON JANUARY 18, 2007]

No. 06-5295

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ACTION ALLIANCE OF SENIOR CITIZENS, et al.,
Plaintiffs-Appellees,
v.

MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES
Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SUPPLEMENTAL BRIEF FOR THE APPELLANT

Of Counsel:

DANIEL MERON
  General Counsel

KATHLEEN H. McGUAN
  Associate General Counsel

MARK D. POLSTON
  Deputy Associate General
    Counsel for Litigation

MARCUS H. CHRIST
LAWRENCE J. HARDER

U.S. Department of Health
and Human Services Office
of the General Counsel

PETER D. KEISLER
  Assistant Attorney General

JEFFREY A. TAYLOR
  United States Attorney

JEFFREY S. BUCHOLTZ
  Principal Deputy Assistant
    Attorney General

JONATHAN F. COHN
  Deputy Assistant Attorney General

MARK B. STERN
ALISA B. KLEIN
  (202) 514-1597
  Attorney, Appellate Staff
  Civil Division, Room 7235
  Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C.  20530-0001

TABLE OF CONTENTS

Page

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   The Channeling Provisions Of The Social
        Security And Medicare Acts . . . . . . . . . . . . . . 1

    II.  The Complaint Should Be Dismissed For
        Lack Of Jurisdiction . . . . . . . . . . . . . . . . . 3

        A.   The Social Security Act claim . . . . . . . . . . 4

        B.   The Medicare Act claim . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

**Cases:**                                                                 <u>Page</u>

<u>American Chiropractic Ass'n</u> v. <u>Leavitt</u>,
    431 F.3d 812 (D.C. Cir. 2005) . . . . . . . . . . . . . . . 3

<u>Bell</u> v. <u>Hood</u>, 327 U.S. 678 (1946) . . . . . . . . . . . . . . 5

<u>Fernandez</u> v. <u>Centerplate/NBSE</u>, 441 F.3d 1006
    (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 5

<u>Heckler</u> v. <u>Ringer</u>, 466 U.S. 602 (1984) . . . . . . . . . . . . 4

<u>Linquist</u> v. <u>Bowen</u>, 813 F.2d 884 (8th Cir. 1987) . . . . . . . . 8

<u>Matthews</u> v. <u>Eldridge</u>, 424 U.S. 319 (1976) . . . . . . . . . . . 7

<u>National Athletic Trainers Ass'n, Inc.</u> v. <u>Department
    of Health & Human Services</u>, 455 F.3d 500
    (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 3

<u>Shalala</u> v. <u>Illinois Council on Long Term Care, Inc.</u>,
    529 U.S. 1 (2000) . . . . . . . . . . . . . . . . . . 1, 2, 7

<u>Tataranowicz</u> v. <u>Sullivan</u>, 959 F.2d 268
    (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . 9

<u>Weinberger</u> v. <u>Salfi</u>, 422 U.S. 749 (1975) . . . . . . . . . . . 5


**Statutes:**

42 U.S.C. § 404(b)            . . . . . . . . . . . . . . . . . 3, 4, 6
42 U.S.C. § 405(g)            . . . . . . . . . . . . . . . . . . . . 1
42 U.S.C. § 405(h)            . . . . . . . . . . . . . . . . . . 2, 5, 8
42 U.S.C. § 1395ff(b)(1)      . . . . . . . . . . . . . . . . . . 1, 2
42 U.S.C. § 1395gg(c)         . . . . . . . . . . . . . . . . . . 4, 9
42 U.S.C. § 1395w-24(d)(2)(A) . . . . . . . . . . . . . . . . . . . 5
42 U.S.C. § 1395w-113(c)      . . . . . . . . . . . . . . . . . . . 5

**Regulations:**

20 C.F.R. § 404.506 . . . . . . . . . . . . . . . . . . . . . . 6
20 C.F.R. § 404.1707 . . . . . . . . . . . . . . . . . . . . . 8

42 C.F.R. § 405.924(b)(13) . . . . . . . . . . . . . . . . . 10
42 C.F.R. § 405.928 . . . . . . . . . . . . . . . . . . . . . 10
42 C.F.R. § 405.958 . . . . . . . . . . . . . . . . . . . . . 10
42 C.F.R. § 405.978 . . . . . . . . . . . . . . . . . . . . . 10
42 C.F.R. § 405.1048 . . . . . . . . . . . . . . . . . . . . 10
42 C.F.R. § 405.1130 . . . . . . . . . . . . . . . . . . . . 10

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-5295

ACTION ALLIANCE OF SENIOR CITIZENS, et al.,
Plaintiffs-Appellees,

v.

MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SUPPLEMENTAL BRIEF FOR THE APPELLANT

Defendant-appellant the Secretary of Health and Human Services (HHS) respectfully submits this supplemental brief in response to this Court's order of February 1, 2007.

## ARGUMENT

I.  The Channeling Provisions Of The Social Security And Medicare Acts.

Related provisions of the Social Security and Medicare Acts "channel[] most, if not all," Social Security and Medicare claims through a "special review system." Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 8 (2000).

Under 42 U.S.C. § 405(g), only final decisions of the Commissioner of Social Security concerning matters arising under title II of the Social Security Act are subject to judicial review. Likewise, under 42 U.S.C. § 1395ff(b)(1), only final decisions of the Secretary of Health and Human Services concerning matters arising under the Medicare Act are subject to

judicial review. See 42 U.S.C. § 1395ff(b)(1) (incorporating section 405(g)). Section 405(h) makes these avenues of judicial review exclusive, by providing that "[n]o action against the United States, the Commissioner of Social Security, or any other officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). Pursuant to Section 1395ii, Section 405(h) applies to the Medicare Act to the same extent that it applies to the Social Security Act. Illinois Council, 529 U.S. at 8-9.

As the Supreme Court explained, Section 405(h) thus "demands the 'channeling' of virtually all legal attacks through the agency," and thereby "assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying the 'ripeness' and 'exhaustion' exceptions case by case." Id. at 13. The Court recognized that "this assurance comes at a price, namely, occasional individual, delay-related hardship." Ibid. The Court explained, however, that "[i]n the context of a massive, complex health and safety program such as Medicare, embodied in hundreds of pages of statutes and thousands of pages of often interrelated regulations, any of which may become the subject of a legal challenge in any of several different courts, paying this price may seem justified." Ibid. "In any event, such was the judgment of Congress[.]" Ibid.

Although Section 405(h), by its terms, would preclude all Social Security and Medicare Act suits founded on general federal question jurisdiction, the Supreme Court has recognized one very narrow exception: Section 405(h) does not apply "where its application to a particular category of cases * * * would not lead to a channeling of review through the agency, but would mean no review at all." Id. at 17.

This exception applies only when the claim itself would escape review; it is irrelevant that a particular plaintiff may have no avenue to present the claim. See id. at 24 (irrelevant that associational plaintiff could not become a party to the administrative proceedings); American Chiropractic Ass'n v. Leavitt, 431 F.3d 812, 827 (D.C. Cir. 2005) (same); National Athletic Trainers Ass'n, Inc. v. Department of Health & Human Services, 455 F.3d 500, 504-05 (5th Cir. 2006) (irrelevant that neither association plaintiff nor its members could present an administrative claim because the claim could be presented by a third party). Accordingly, our discussion below addresses the circumstances of the only individual before the Court, Ms. Lucy Loveall.

## II. The Complaint Should Be Dismissed For Lack Of Jurisdiction.

Under the principles just discussed, the complaint should be dismissed for lack of jurisdiction. Plaintiffs have variously alleged that their claims arise under 42 U.S.C § 404(b), the overpayment provision of title II of the Social Security Act,

3

(because more than the correct amount has been erroneously refunded through title II benefits) or under 42 U.S.C. § 1395gg(c) (because more than the correct amount has been paid to a Medicare provider or other person for medical items or services). Although the merits of these claims are in dispute, for purposes of deciding jurisdiction it is assumed that plaintiffs will prevail on the merits. Accordingly, the claims must be channeled though the administrative appeals processes available for waiver requests under Section 404(b) and Section 1395gg(c), respectively, before they can be brought to federal court. Plaintiffs cannot evade the requirements of Section 405(h) by invoking the district court's mandamus jurisdiction, because mandamus is unavailable where other avenues of relief exist. Heckler v. Ringer, 466 U.S. 602, 617 (1984).

    A.   **The Social Security Act claim**.

    1.  The nature of this lawsuit has evolved over the course of the litigation. Although plaintiffs did not present a Social Security Act claim in district court or name the Commissioner as a defendant, Section 404(b) became the focus of their argument on appeal. In plaintiffs' view, the mistaken refunds of Medicare premiums constituted overpayments of Social Security benefits, and participants thus have a right to seek a waiver of recovery under the plain terms of 42 U.S.C. § 404(b). At oral argument, plaintiffs urged that their position finds support in the Social Security Administration's regulations.

4

As explained in our reply brief and at oral argument, the Secretary of Health and Human Services emphatically rejects the notion that the mistaken refunds of Part D premiums are properly regarded as overpayments of title II benefits. Indeed, the contention is flatly at odds with SSA's treatment of Medicare premium refunds under the POMS. Plaintiffs' claim is not an action seeking "to recover" on a Social Security claim. Rather, they seek a waiver of the obligation to pay Part D premiums, which are properly owed. The service that the Social Security Administration provides in withholding Medicare Part D premium payments from title II benefit payments is an option afforded Part D participants under section 1854(d)(2)(A) of the Medicare Act. See 42 U.S.C. § 1395w-24(d)(2)(A); id. § 1395w-113(c). This service is not related to the Social Security Administration's payment of title II benefits, but, rather, a convenience offered Medicare Part D participants. Because this action does not "arise under" title II of the Social Security Act, plaintiffs have no basis for their claim under the Social Security Act. See 42 U.S.C. § 405(h); Weinberger v. Salfi, 422 U.S. 749 (1975). Thus, plaintiffs' claim must fail.

Nonetheless, for purposes of determining jurisdiction, the Court assumes that plaintiffs will prevail on the merits. Fernandez v. Centerplate/NBSE, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). It therefore follows that plaintiffs' claim must be presented to the

Social Security Administration before it may be presented in federal court.

Assuming arguendo that plaintiffs will prevail on the merits, Ms. Loveall can and must present her waiver request to SSA, which has the exclusive responsibility for determining whether or not an overpayment exists, and if it finds that an overpayment does exist, for making waiver determinations under Section 404(b).  See 42 U.S.C. § 404(b).  To do so, Ms. Loveall would follow the SSA procedures that govern requests to waive recovery of overpayments of title II benefits.  See 20 C.F.R. § 404.506.  Those procedures provide the opportunity for Ms. Loveall to present to SSA the same argument that she has made to this Court, namely, that the mistaken refund of her Medicare Part D premium constituted an overpayment of title II benefits.

To be sure, we expect that the Social Security Administration will reject this claim, concluding (as we have urged in our reply brief) that the mistaken Medicare premium refund was not an overpayment of title II benefits, but an erroneous refund of premiums properly owed under Part D.  If there were any applicable waiver (which there is not), it would need to come from HHS in the form of a waiver of the Part D premium obligation.  But it is clear that the Social Security Administration must be given the opportunity to address the claim in the first instance.  That is precisely the purpose of the channeling requirement.

2.   The requirement that a claimant exhaust his or her administrative remedies before seeking judicial review consists of two elements, one of which is waivable, and one of which is not.  The nonwaivable element requires that a claim for benefits have been presented to the Commissioner.  <u>Matthews</u> v. <u>Eldridge</u>, 424 U.S. 319, 328 (1976).  Plaintiffs' supplemental brief concedes that this "presentment" requirement is jurisdictional. Pl. Supp. Br. 4.  The brief argues, however, that Ms. Loveall met this requirement by failing to repay the money owed.  <u>Id</u>. at 7. In plaintiffs' view, by "<u>not</u> complying with the Secretary's repayment demand, Ms. Loveall alerted him that she disagreed with his position and put him on notice that she was challenging his recovery" of the mistaken payment.  <u>Ibid</u>.

That contention cannot be reconciled with the purposes of the channeling requirement set out in <u>Illinois Council</u>.  Plainly, Ms. Loveall's failure to repay the money owed did not alert either the Secretary or SSA to the <u>reason</u> for that failure, <u>i.e.</u>, her belief that she is entitled to a waiver of recovery under Section 404(b) and its implementing regulations.  Although plaintiffs apparently would deem this result consistent with the purposes of the channeling requirement, their authorities pre-date <u>Illinois Council</u> and rest on the very distinctions rejected by the Supreme Court.[1]

---

[1] <u>Compare</u> <u>Illinois Council</u>, 529 U.S. at 1094 (rejecting "a distinction that limits the scope of § 405(h) to claims for monetary benefits," as well as distinctions based on "the 'collateral' versus 'noncollateral' nature of the issues"), <u>with</u>,

Plaintiffs' supplemental brief further contends that, even if presentment is required, exhaustion should be deemed waived because HHS did not raise the issue in district court. The contention is difficult to fathom. Plaintiffs did not raise a Social Security Act claim in the district court. That claim was raised for the first time in plaintiffs' appellate brief, ten days before the government's reply brief was filed under the expedited briefing schedule set by this Court. Even if HHS had the authority to waive exhaustion on SSA's behalf, it has not done so here.

Nor would the plaintiff organizations have authority to relinquish the putative administrative appeal rights of the roughly 230,000 participants not before the Court. The plaintiff organizations cannot even represent their own members before SSA without a written appointment as representative. See 20 C.F.R. § 404.1707. Moreover, plaintiffs' own estimates reveal that their members constitute a minuscule fraction of the 230,000 participants affected by the mistaken refunds of Part D premiums. See Op. 6 (JA 82) ("Assuming that at least seventy percent (or 14,000) of the Gray Panthers are enrolled in Part D * * * and that they are affected in approximately the same proportion as

---

e.g., Linquist v. Bowen, 813 F.2d 884, 887 n.11, (8th Cir. 1987) (concluding that the dispute was "outside the traditional scope of 42 U.S.C. § 405(h)" because it did not seek benefits, but challenged the recoupment of benefits); id. at 887 n.12 (concluding that mandamus jurisdiction was appropriate because the case did not involve a dispute over entitlement to benefits but "a collateral issue – the propriety of double recoupment").

all Medicare beneficiaries (one percent), then at least 140 members of the Gray Panthers alone were likely affected by the Secretary's actions in attempting to recover the premium refunds.").

Finally, it may be assumed (as plaintiffs assert) that some affected participants, not before the Court, will not present waiver requests unless they are informed of the (putative) right to do so. This assumption does not alter the requirement that the waiver requests be channeled through the agency. Ms. Loveall has the information she needs to present her waiver request to SSA. The plaintiff organizations also claim to be in a position to assist other participants by providing information as to how they might pursue a request for the waiver that, in plaintiffs' view, is authorized by law. See JA 47 ¶¶29-30; JA 48-49 ¶¶35-36. There can be no contention that the claim itself will evade judicial review. And as this Court has recognized, "the Supreme Court's repeated characterizations of presentment as not 'waivable' suggest that no such exception for inadequate notice exists." Tataranowicz v. Sullivan, 959 F.2d 268, 273 (D.C. Cir. 1992).

 2. **The Medicare Act claim**.

It is unclear whether Ms. Loveall intends to pursue her Medicare Act claim. Plaintiffs' appellate brief all but conceded that 42 U.S.C. § 1395gg(c) applies only to overpayments of Medicare benefits, and has no application when Medicare premiums

9

are refunded in error. The claim was not pressed at oral argument.

Assuming, nonetheless, that Ms. Loveall (or any other participant) intends to pursue the Medicare Act claim, the claim can and must be presented to HHS under the analysis set out above. <u>See</u> 42 C.F.R. § 405.924(b)(13) (Medicare contractor makes initial determinations regarding waiver requests under Section 1395gg(c)). Moreover, unless HHS elects to waive exhaustion, the available administrative appeals process must be exhausted before the claimant may proceed to federal court. <u>See</u> 42 C.F.R. §§ 405.928, 405.958, 405.978, 405.1048, 405.1130 (setting out the available administrative appeals).

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

Of Counsel:

DANIEL MERON
   General Counsel

KATHLEEN H. McGUAN
   Associate General Counsel

MARK D. POLSTON
   Deputy Associate General
     Counsel for Litigation

MARCUS H. CHRIST
LAWRENCE J. HARDER

U.S. Department of Health
and Human Services Office
of the General Counsel

PETER D. KEISLER
   Assistant Attorney General

JEFFREY A. TAYLOR
   United States Attorney

JEFFREY S. BUCHOLTZ
   Principal Deputy Assistant
     Attorney General

JONATHAN F. COHN
   Deputy Assistant Attorney General

MARK B. STERN
ALISA B. KLEIN
   (202) 514-1597
   Attorney, Appellate Staff
   Civil Division, Room 7235
   Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530-0001

FEBRUARY 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2007, I caused copies of the foregoing supplemental brief to be sent to the Court by hand delivery and, by agreement with plaintiffs' counsel, to the following counsel in the manner indicated:

| | |
|---|---|
| Gill Deford, Esq.<br>Center for Medicare Advocacy<br>11 Ledgebrook Drive<br>Mansfield, CT  06250<br>(860) 456-7790<br>gdeford@medicareadvocacy.org | By overnight mail and email |
| Bruce Vignery, Esq.<br>AARP<br>601 E Street, N.W.<br>Washington, D.C.  20049<br>BVignery@aarp.org | By first class mail and email |

_____
ALISA B. KLEIN