IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS | ) | |
| GREY PANTHERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1607-HHK |
| | ) | |
| MICHAEL LEAVITT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S EXHIBIT F**

ORAL ARGUMENT HELD ON JANUARY 18, 2007

## NO. 06-5295

_____

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

ACTION ALLIANCE OF SENIOR CITIZENS, GRAY PANTHERS, and LUCY
CAROLYN LOVEALL,

Plaintiffs-Appellees,

v.

MICHAEL O. LEAVITT, Secretary of Health and Human Services,

Defendant-Appellant.

_____

On Appeal from the United States District Court for the District of Columbia

_____

## APPELLEES' PETITION FOR REHEARING OR FOR REHEARING EN
## BANC

_____

GILL DEFORD                          VICKI GOTTLICH
JUDITH STEIN                         PATRICIA B. NEMORE
BRAD PLEBANI                         Center for Medicare Advocacy, Inc.
WEY-WEY KWOK                         1101 Vermont Ave., N.W., Suite 1001
Center for Medicare Advocacy, Inc.   Washington, D.C. 20005
P.O. Box 350                         (202) 216-0028
Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
2033 East Speedway Blvd., Suite 200
Tucson, AZ 85719
(520) 327-9547

Attorneys for Plaintiffs-Appellees

i

# TABLE OF CONTENTS

STATEMENT RE PROPRIETY OF REHEARING OR REHEARING EN BANC. ........................................................................................... 1

BACKGROUND AND PANEL DECISION. .......................................................... 1

  A.  Background. ......................................................................... 2

  B.  The panel decision. ............................................................... 4

REASONS FOR GRANTING REHEARING OR REHEARING EN BANC. ....... 5

CONCLUSION. ................................................................................ 13

# TABLE OF AUTHORITIES

## Cases

*Action Alliance of Senior Citizens v. Leavitt*,
  456 F.Supp.2d 11 (D.D.C. 2006), vacated, No. 06-5295 (D.C. Cir., April 17, 2007). ........................................................................................................ 3

\*American Chiropractic Ass'n, Inc. v. Leavitt*,
  431 F.3d 812 (D.C. Cir. 2005). ................................................. 1, 6, 11

*Conn. State Dept. of Social Services v. Thompson*,
  242 F.Supp.2d 127 (D.Conn. 2002),
  rev'd, 428 F.3d 138 (2d Cir. 2005). .................................... 11

*Elliott v. Weinberger*,
  564 F.2d 1219 (9th Cir. 1977) aff'd in part, rev'd in part *sub nom*.
  *Califano v. Yamasaki*, 442 U.S. 682 (1979). ........................................ 7

\*Fanning v. United States*,
  346 F.3d 386 (3d Cir. 2003). ........................................ 1, 12

*Linquist v. Bowen*,
  813 F.2d 884 (8th Cir. 1987)................................................. 6

\*Mathews v. Eldridge*,
  424 U.S. 319 (1976)........................................................ 1, 6, 7, 8

*Shalala v. Illinois Council on Long Term Care, Inc.*,
  529 U.S. 1 (2000).......................................................... 6

\*Tataranowicz v. Sullivan*,
  959 F.2d 268 (D.C.Cir. 1992). ............................................ 9

\* Authorities upon which we chiefly rely are marked with asterisks.

**Statutes**

28 U.S.C.
  \*§ 1331. ................................................................................ 2, 3, 5, 10, 11, 12
  \*§ 1361. ................................................................................. 2, 3, 5, 11, 12


42 U.S.C.
  § 404(b). .......................................................................... 3, 4, 5, 9, 10
  § 405 ........................................................................................ 11
  \*§ 405(g). ....................................................................... 2, 3, 4, 5, 10, 11, 12
  § 1395gg(c) ........................................................................... 3, 4, 5

## STATEMENT RE PROPRIETY OF REHEARING OR REHEARING EN BANC

1.  The panel decision conflicts with the decision of the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and with the decision of this Court in *American Chiropractic Ass'n, Inc. v. Leavitt*, 431 F.3d 812 (D.C. Cir. 2005).

2.  Furthermore, the proceeding involves two questions of exceptional importance.  Both revolve around the practical ability of beneficiaries of the new Medicare Part D prescription drug program to challenge illegal administration of the program:

      a) The panel's decision deprives the district court of jurisdiction when Part D beneficiaries fail to "present" a claim even though the essence of the claim is the agency's failure to notify beneficiaries of their rights.  Denying the right to review in the context of a deprivation of notice conflicts with the decision of the Third Circuit in *Fanning v. United States*, 346 F.3d 386 (3d Cir. 2003).

      b) Furthermore, the panel's decision imposes such demanding and explicit requirements to satisfy presentment that beneficiaries – especially those without professional assistance at the crucial initial stage -- will be unable to state the precise language necessary to protect their right to proceed in court.

## BACKGROUND AND PANEL DECISION

The sole issue presented by this petition is whether the district court had jurisdiction over the Medicare beneficiaries' claims that they were entitled to

**1**

notification of their right to seek waiver of recovery of an erroneous payment.

Although the government never raised the issue of the district court's jurisdiction,

the panel held (1) that the beneficiaries had failed to present their claims, thus

depriving the district court of jurisdiction pursuant to 42 U.S.C. § 405(g), and (2)

that jurisdiction was also lacking under either 28 U.S.C. §§ 1331 or 1361.  The

panel decision conflicts with Supreme Court and Circuit Court decisions

recognizing that beneficiaries of Social Security Act programs must have the

practical ability to obtain judicial review of allegedly illegal agency action.

    **A.  Background.**  Participants in Medicare Part D, the new prescription

drug program, have the statutory option of having their premiums withheld by the

Social Security Administration (SSA) and then paid over, by the Secretary's

Centers for Medicare & Medicaid Services (CMS), to the drug plans that cover the

medications.

    In the summer of 2006, SSA mistakenly paid amounts corresponding to past

withheld premiums to about 230,000 Part D participants, informing them that these

payments belonged to them.  Hearing that CMS intended to recover the payments,

however, beneficiary organizations requested that the Secretary notify the affected

participants of their right to seek waiver.  The Secretary rejected this request, and

CMS sent letters directing the beneficiaries to return the erroneous payments by

September 30, 2006.  Although acknowledging that repayment could cause

hardship, CMS did not notify the beneficiaries of their right to seek waiver.  See

*Action Alliance of Senior Citizens v. Leavitt*, 456 F.Supp.2d 11, 13-14 (D.D.C.

2006), vacated, No. 06-5295, slip. op. at 2-4 (D.C. Cir., April 17, 2007).

The two organizations, Action Alliance of Senior Citizens and the Gray

Panthers, sued on September 15, 2006 to stop recovery until beneficiaries could be

apprised of their right to seek waiver.  In response to their motion for a preliminary

injunction, the Secretary challenged the organizations' standing, but he did not

contend that jurisdiction was not conferred on the district court by the three

grounds of jurisdiction alleged by the beneficiaries (42 U.S.C. § 405(g) (as

incorporated by the Medicare statute), 28 U.S.C. § 1331, and 28 U.S.C. § 1361).

In an amended complaint, an individual beneficiary, Lucy Loveall, who had spent

the erroneous payment in reliance on SSA's actions and statements, joined as a

plaintiff.  456 F.Supp.2d at 14-15; slip. op. at 4.

Judge Kennedy held that the organizations had standing and granted the

motion for a preliminary injunction.  Although rejecting 42 U.S.C. § 1395gg(c) as

a basis for waiver, he concluded that 42 U.S.C. § 404(b), which authorized waiver

of recovery of erroneous premium repayments in Medicare Parts A and B, dictated

a similar result in Part D.  Consequently, he directed that recovery cease until the

participants had been informed of their right to seek waiver.  The Secretary

appealed.  456 F.Supp.2d at 14; slip op. at 4-6.

**B.  The panel decision.**  As in the district court, in neither of his appellate briefs did the Secretary contest the district court's jurisdiction.  Two weeks after the oral argument on the merits, the panel directed the parties to file supplemental briefs "on the jurisdictional basis for the district court's review."

In his opinion for the panel, Senior Circuit Judge Williams determined that the district court had jurisdiction over the contention that 42 U.S.C. § 1395gg(c) provided authorization for waiver, but rejected that claim on the merits.  Slip op. at 12-16.[1]  On the beneficiaries' claim under 42 U.S.C. § 404(b), however, the panel held that neither the organizational plaintiffs nor the beneficiary plaintiff had presented their claims.  Noting that Supreme Court and Circuit case law makes presentment a prerequisite to review under 42 U.S.C. § 405(g), the panel rejected as insufficient the beneficiaries' efforts to notify the Secretary of their disagreement with his position.

Although acknowledging that Ms. Loveall had contacted Social Security and Medicare about keeping the money, the panel found those communications wanting because they "made no mention of any claim to a waiver right."  Slip op. at 9.  Furthermore, the fact that Ms. Loveall refused to return the money in response to the Secretary's demand letter was also viewed as inadequate to state her position.  *Id*. at 10.

---

[1]  This petition does not question that aspect of the decision.

The panel applied an even stricter standard to the beneficiary organizations. Their request that the Secretary notify beneficiaries of their right to seek waiver was held not to satisfy presentment because it did not "mention[ ] § 404(b)."  *Id.*

Having determined that jurisdiction was theoretically available under the Social Security review provision, the panel rejected mandamus jurisdiction on the ground that an adequate remedy was otherwise available.  *Id*. at 11.  Similarly, the panel's analysis of § 1331 jurisdiction over the claim for waiver under 42 U.S.C. § 1395gg(c) indicates that it did not view federal question jurisdiction over the § 404(b) claim as appropriate because review was available pursuant to § 405(g). See slip op. at 12-16.  In short, the panel's determination that the plaintiffs *could have* satisfied the presentment requirement of § 405(g) precluded district court jurisdiction under either 28 U.S.C. § 1361 or § 1331.

## REASONS FOR GRANTING REHEARING OR REHEARING EN BANC

The bottom line for challenges to agency action under the Social Security Act is that there must exist *some* ground for jurisdiction that beneficiaries may invoke as a practical matter.  Although the great majority of cases can be and must be channeled through § 405(g), "the Supreme Court has recognized an exception to this rule where [its] application … 'would not lead to a channeling of review through the agency, but would mean no review at all.'"  Slip op. at 13, quoting

*Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13-14 (2000).  As

this Court has held, that

> exception applies not only when administrative regulations foreclose
> judicial review, but also when roadblocks practically cut off any
> avenue to federal court ….  The difficulties must be severe enough *to
> render judicial review unavailable as a practical matter*.

*American Chiropractic Ass'n, Inc. v. Leavitt*, 431 F.3d 812, 816 (D.C.Cir. 2005)

(citation omitted; emphasis added).

The panel made two errors.  First, it redefined presentment to impose an

unreasonable obligation, especially on elderly and disabled beneficiaries.  Second,

if the presentment requirement is as narrow as the panel decrees, then, as a

practical matter, it could not be met in this situation and one of the alternative

grounds for jurisdiction should have been invoked.

1. While there is no dispute that presentment is jurisdictional and not

waivable, "the courts that have dealt with presentment have interpreted the

requirement liberally."  *Linquist v. Bowen*, 813 F.2d 884, 887 (8th Cir. 1987)

(internal quotation marks and citation omitted).  This practical approach is most

dramatically illustrated by *Mathews v. Eldridge*, 424 U.S. 319 (1976).  The

beneficiary's response – his presentment -- to the agency's concern that he was no

longer disabled was to send in a questionnaire attesting to his continued disability

and to dispute an aspect of the tentative determination.  *Id.* at 324.  The lawsuit that

followed, however, did not raise the question of the beneficiary's disability status,

but instead contended that he was entitled to pretermination review of that status. *Id*. at 324-325.

The Supreme Court held that filling out the questionnaire and sending a letter disputing the cessation of disability were sufficient to meet presentment without stating or even alluding to the nature of the claim in the lawsuit: "The fact that Eldridge failed to raise with the Secretary his constitutional claim to a pretermination hearing is not controlling." *Id.* at 329. Thus, although the beneficiary did not raise his alleged right to a pretermination hearing when he disputed that he was no longer disabled, presentment was satisfied because he informed the Secretary of his general disagreement with the Secretary's position.

The facts of the instant case fit easily within these broad parameters for satisfying presentment established by *Eldridge*. Although Ms. Loveall did not use the precise term "waiver," she made clear by her contacts with Social Security and Medicare that she did not want to pay back the erroneous payment, and she confirmed that position by not repaying it in direct response to the government's demand. She thus expressed her position to the Secretary, which is the point of presentment.[2]

---

[2] The panel's rejection of Ms. Loveall's refusal to repay as a component of presentment, slip op. at 10, ignores that the Secretary had directed her *to take specific action by a specific date*. By not taking that action, she was announcing her position that the money was hers, which is the legal effect of satisfying the waiver standards. See, *e.g., Elliott v. Weinberger*, 564 F.2d 1219, 130 (9th Cir. 1977) ("the statute creates a property interest in retention of overpayments if the

Ms. Loveall's actions represented a far more explicit statement of her position than was offered by Eldridge. The content of his presentment was limited to the issue of his disability status, as he never mentioned the demand for a pretermination hearing that became the cornerstone of his subsequent lawsuit. Nothing in *Eldridge* or in any other case places on beneficiaries the extreme degree of specificity at the first stage of the administrative process that the panel's decision imposes. [3]

The barrier erected by the panel is magnified by the fact that the essence of this case is the deprivation of notice. Plaintiffs did not seek waiver of recovery for Ms. Loveall or any of the other affected participants; rather, they sought to require the government to alert beneficiaries to the existence of that right. Since neither she nor any of the other participants was informed that the right to waiver existed, the panel's demand that Ms. Loveall had to request *by name* a right of which she had no knowledge imposes an impossible condition for invoking judicial review.

---

conditions of waiver are met"), aff'd in part, rev'd in part *sub nom. Califano v. Yamasaki*, 442 U.S. 682 (1979). Her response is not analogous to an individual failing to file an application for benefits, for in that situation the Secretary cannot know that the inaction has occurred. Here, however, the Secretary was put on notice of her position when a beneficiary to whom he had issued a written demand pointedly did not comply with his directive.

[3] Indeed, although the issue was not before the courts on the preliminary injunction motion, the beneficiaries' complaint also sought the right to an oral hearing prior to recovery. See Amended Complaint, ¶ 52 (J.A. 53). By the panel's reasoning, though, presentment was not met for that request, even though the situation is virtually identical to that in *Eldridge*.

The contrast with a previous decision of this Court involving presentment underscores the conundrum created by the panel's decision. In *Tataranowicz v. Sullivan*, 959 F.2d 268 (D.C.Cir. 1992), this Court held that presentment was not met when Medicare beneficiaries failed to file a claim with the fiscal intermediary, a condition of administrative review. The Court based that determination on the fact that the notice, while not perfect, was sufficient to alert beneficiaries of the need for additional action. *Id*. at 273. By contrast, the affected Medicare beneficiaries in this case received no notice at all of the right at issue, thus depriving them of the ability to request and invoke that right.

Similarly, no authority exists for the panel's extraordinary holding that the organizational plaintiffs could only satisfy presentment by specifically citing § 404(b). Slip op. at 10. The panel never explains what practical purpose would have been served by adding a United States Code citation at the first level of the administrative process. The organizational plaintiffs' communication was clear in explaining that the law required notice of the right to waiver and in requesting an appropriate revision to the proposed letter to beneficiaries – and the Secretary expressly declined to take that action. See Amended Complaint, ¶ 26 (J.A. 46).

If beneficiaries and their organizational counterparts must give precise citations to commence the administrative process as a condition of later bringing a lawsuit, then the presentment requirement will have been transformed into an

insurmountable barrier to judicial review – rather than effecting its purpose of bringing disputes to the Secretary's attention. Including an explicit code citation in the initial request has never been an element of presentment, and its inclusion by the panel stands in stark contrast to, and in conflict with, the realistic approach to obtaining review established by *Eldridge*.[4]

2. If review is unavailable through the traditional § 405(g) mechanism, however, a district court may have jurisdiction pursuant to mandamus or the federal question statute. The panel here held that mandamus was precluded because review under § 405(g) was available. Slip op. at 11. It implicitly rejected § 1331 jurisdiction for the same reason. These holdings, however, ignore this Court's directive that the exception to the rule limiting review to the § 405(g) "channel" applies when the situation is "severe enough to render judicial review unavailable as a practical matter." *American Chiropractic*, 431 F.3d at 816. This is precisely that situation.

The circumstances of this case bear repeating. A low income elderly Medicare beneficiary unexpectedly received a small windfall, confirmed that it

---

[4] In suggesting without deciding that presentment should have been made to SSA, see slip op. at 9-10, the panel misconstrues a key fact of the case and ignores the relevant statutory language. CMS, not SSA, demanded repayment and declined to provide notice of the right to seek waiver. The waiver statute, 42 U.S.C. § 404(b), does not limit its applicability to efforts by SSA to recover erroneous payments: "there shall be no … recovery *by the United States*" when the waiver standards are met. (Emphasis added).

belonged to her, spent it on necessities, was then informed that she had to repay it by a specified date, was not told that she might have the legal right to keep it, and did not return it.  At no stage of the administrative or judicial process did the government contend that it had not been informed of her belief that she should be allowed to keep the money.  Nevertheless, her failure to explicitly use the term "waiver" in seeking access to the administrative process is deemed to operate as a fatal mistake in her subsequent lawsuit.

This scenario depicts exactly the denial of § 405 review as a "practical matter" analyzed by this Court in *American Chiropractic*.  The conundrum created by the panel's directive is impossible to breach: *Without notice of the right to seek waiver, beneficiaries cannot know to request waiver; without requesting waiver, beneficiaries cannot challenge the denial of notice of the right to seek waiver.* [5] Conversely, the Secretary's refusal to acknowledge the beneficiaries' rights to notice and waiver insulates the agency from any challenge to its deprivation of the right to notice and to seek waiver.

---

[5]

*Accord*, *Conn. State Dept. of Social Services v. Thompson*, 242 F.Supp.2d 127, 135, 140-142 (D.Conn. 2002) (since agency's failure to issue initial determinations rendered it impossible to channel the claim through § 405(g), jurisdiction under § 1331 or § 1361 was appropriate), rev'd on merits, 428 F.3d 138, 143 n. 5 (2d Cir. 2005) ("at the very least the district court had jurisdiction pursuant to … 28 U.S.C. § 1361").

**11**

In a similar case involving waiver and recovery, the Third Circuit rejected Medicare beneficiaries' claims that § 1331 jurisdiction should be available because review allegedly could not be had under § 405(g).  *Fanning v. United States*, 346 F.3d 386 (3d Cir. 2003).  The Court's reasoning is directly applicable to the instant situation: the § 405(g) channel was available precisely because the agency sent letters to the beneficiaries that "clearly advised them of the administrative process by which they could appeal the agency's determination or, in the alternative, seek a waiver of Medicare's claim for reimbursement," and because the Medicare Manual set out their right to waiver.  *Id*. at 400.

By contrast, when the beneficiaries here were directed to return the erroneous payments, they were not informed of their right to seek waiver or of any available administrative process to challenge the directive.  The Third Circuit pinned its decision denying review under § 1331 on the agency's providing notice of the right to waiver.  By necessary implication, in the absence of that information, which makes presentment impossible as a practical matter, the district court had jurisdiction under either § 1331 or § 1361.

## CONCLUSION

For the reasons stated, the petition for rehearing or for rehearing en banc should be granted.

Respectfully submitted,

_____
Gill Deford
Judith Stein
Brad S. Plebani
Wey-Wey Kwok
Vicki Gottlich
Patricia B. Nemore
Sally Hart

Dated: May 2007

13

# ADDENDUM

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

(A) **Parties and Amici.**  The plaintiffs in the district court were Action Alliance of Senior Citizens, the Gray Panthers, and Lucy Carolyn Loveall, and they are the appellees in this court.  There were no intervenors or amici in the district court.  There are no intervenors in this court.  AARP appeared in this court as an amicus supporting the position of plaintiffs-appellees.

(B) **Rulings Under Review.**   The panel's decision is attached as part of this Addendum and is reported at --- F.3d ---, 2007 WL 1119646.  The district court's Order of September 27, 2006 is found in the Joint Appendix at 36.  The district court's Memorandum Opinion of October 4, 2006 appears in the Joint Appendix at 77 and is reported at 456 F.Supp.2d 11.

(C) **Related Cases.**  Counsel for the plaintiffs-appellees are not aware of any related cases.

## CERTIFICATE OF SERVICE

I, Elizabeth Maldonado, under the direction of counsel for the plaintiffs-appellees, Gill Deford, certify that, on May 30, 2007, I served two copies of Appellees' Petition for Rehearing or for Rehearing En Banc, by overnight mail, on counsel for the defendant-appellant at the following address:

> Alisa Klein
> Civil Division, Room 7235
> Department of Justice
> 950 Pennsylvania Ave., N.W.
> Washington, D.C. 20530-0001

I also certify that the original and 19 copies of the Appellees' Petition for Rehearing or for Rehearing En Banc were filed by hand with the Clerk's office on May 30, 2007.


_____

Elizabeth Maldonado

3