UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ACTION ALLIANCE OF SENIOR CITIZENS, )
GRAY PANTHERS, LUCY CAROLYN LOVEALL )
                                           )
                    Plaintiffs,            )
                                           )
         v.                                )   C.A. No. 06-1607 (HHK)
                                           )
MICHAEL LEAVITT, Secretary of Department   )
Of Health and Human Services               )
                                           )
                    Defendant.             )
_____ )

**PLAINTIFFS' REPLY SUPPORTING MOTION TO VACATE STAY AND
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs' motion (Doc. 28) amply demonstrates that there are no longer compelling reasons for postponing the litigation of their claims before this court, and that they should be permitted to file an amended complaint. In opposition, the Secretary argues that circumstances have not changed since the imposition of the stay and that it would be premature for the court to address plaintiffs' claims. Plaintiffs will show that the Secretary's contentions lack merit, and that maintenance of the stay would serve no end but to delay proper resolution of plaintiffs' claims. Therefore, plaintiffs' request to lift the stay and for leave to file their second amended complaint should be granted.

**ISSUE TO BE DECIDED**

Whether circumstances have changed such that the court's reasons for imposing the stay have lost their force or are no longer valid, and whether plaintiffs should be granted leave to file their second amended complaint.

**BACKGROUND**

Congress gave Medicare Part D enrollees the option of paying their Medicare premiums by having them withheld from their monthly Social Security checks. 42 U.S.C. § 1395w-113(c)(1)(incorporating 42 U.S.C. §1395w-24(d)(2)). This premium withhold mechanism affords the government and its contracting prescription drug plans an efficient, cost-effective way of ensuring timely receipt of premium payments. The convenience of an automatic withholding system accrues as much to the Part D program as it does to the beneficiaries who elect that option.

Earlier, Congress wisely anticipated potential administrative snafus inherent in a large benefit program, and, in particular, foresaw the occasion on which a beneficiary might faultlessly receive and expend an erroneous payment from the agency. Accordingly, it established a hardship waiver provision (42 U.S.C. § 404(b)), which mandates that recovery of such an overpayment be waived if repayment would deprive a person of income required for ordinary and necessary living expenses. The regulations (20 C.F.R. § 404.501 *et seq.*) that apply the waiver statute have been extended to erroneously-issued Medicare premium refunds through the POMS (HI 01001.300A, 01001.300B, 01001.300C), and operate to protect beneficiaries against hardship caused by governmental error.

The Secretary mischaracterizes the substantive issue in this case as whether Part D enrollees who elect the withholding option have a "greater right" to keep mistakenly-issued refunds of premiums than those who might erroneously receive a similar refund directly from their Part D plans. Defendant's Memorandum in Opposition Plaintiffs' Motion to Vacate Stay at 2 (Doc. 30). As this Court has concluded, the actual legal issue presented by this case does not require the court to take into account the funding source

2

of the incorrect payment. *Action Alliance of Senior Citizens v. Leavitt,* 456 F.Supp.2d 11, 22 (D.D.C. 2006), *rev'd on other grounds,* 483 F.3d 852 (D.C.Cir. 2007), *pet. for reh'g and reh'g en banc filed* (D.C.Cir. May 30, 2007).  The fact that Part D plans are neither required to waive nor prohibited from waiving recovery of overpayments does not diminish the government's equitable duty to waive recovery in the event of hardship. Plaintiffs here are not asking for "special hardship rights," but simply that they be accorded their rights under the law.

## STATEMENT OF FACTS

This Court has already ruled in plaintiffs' favor on the merits in granting the preliminary injunction.  Although the Court rejected plaintiffs' original claim under 42 U.S.C. § 1395gg(c) as a basis for waiver, it concluded after extensive analysis that 42 U.S.C. § 404(b), which authorizes waiver of recovery of erroneous premium refunds in Medicare Parts A and B, dictates a similar result in Part D. *Action Alliance,* 456 F.Supp. at 14.  The Secretary appealed this ruling (Doc. 17).  Recognizing that § 404(b), on its own, provided a firm and valid basis for seeking relief, plaintiffs thoroughly briefed and argued its applicability on appeal.

The Court of Appeals never reached the merits of the § 404(b) claim, because it determined as a threshold matter that plaintiffs had failed to effectively present this claim to the agency for the purposes of jurisdiction.[1]  *Action Alliance,* 483 F.3d at 858. Because the panel's ruling conflicts with Supreme Court and Circuit decisions that have interpreted the presentment requirement liberally and imposes unreasonable hurdles to

---

[1] With respect to plaintiffs' claim under § 1395gg(c), however, the Court of Appeals held that presentment had been met, but rejected that claim on the merits. 483 F.3d at 860-861.  As the amended complaint indicates, plaintiffs no longer rely on § 1395gg(c).

3

obtaining judicial review, plaintiffs petitioned for rehearing and rehearing *en banc* of that issue. Plaintiffs acknowledge, however, that their chances of being granted a rehearing are slim.[2]

Given the unlikelihood that the Court of Appeals will reverse its holding on presentment and resolve the § 404(b) claim on the merits, plaintiffs re-presented their claim to the government, this time adhering to the demanding requirements prescribed by the appellate court, which, with all due respect to the Court of Appeals, they could not have known or inferred was the proper way to meet presentment.[3] Letters of Brad Plebani, Esq., dated May 4, 2007 (Pl. Ex. B) (attached to attached to proposed second amended complaint). They have done this rightfully and earnestly to advance their claim for relief, and in deference, now request that the court exercise its discretion to lift the stay and entertain their amended complaint.

**ARGUMENT**

**I.   PRESENT CIRCUMSTANCES DO NOT SUPPORT THE CONTINUATION OF THE STAY.**

There is no dispute that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Canady v.*

---

[2] Petitions for rehearing and rehearing *en banc* are rarely granted. Handbook of Practice and Internal Procedures for the District of Columbia Circuit, at 56, concerning Post-Decision Procedures. See also, Fed. R. App. P. 35, 40, D.C. Cir. Rule 35. The timeframe for granting or denying petitions for rehearing may be quite lengthy. Ordinarily a petition for rehearing will not be granted in the absence of a request by the Court for a response from the other parties. Id. As of today, the Court of Appeals has not requested a response to the petition.

[3] It is telling that the government never suggested -- either in this Court or in the Court of Appeals -- that jurisdiction was lacking because of a failure to present. That issue was raised *sua sponte* by the Court of Appeals after oral argument.

*Erbe Elektromedicin GmbH,* 271 F.Supp.2d 64, 74 (D.D.C. 2002) (citation omitted).  But while the interests of efficiency and fairness may have been served by staying proceedings up to this point, those interests would not be served by maintaining the stay any longer.

The Secretary's contention that there has been no change in circumstances that would warrant lifting the stay is incorrect.  During the past eight months, the parties thoroughly developed and argued their claims and defenses before the Court of Appeals, which issued a judgment reversing the preliminary injunction.  For the purpose of judicial economy, the decision narrowed the issues for the trial court by eliminating § 1395gg(c) as a basis for relief.  *Action Alliance,* 483 F.3d at 860-861.  Plaintiffs have requested reconsideration of the jurisdictional issue, which is the only remaining inquiry before the appellate court.  As already mentioned (*supra* note 2), it may be several months before an outcome is known and it is more than likely that their petitions will be denied.

In any event, the pending resolution of the jurisdictional question should not have any bearing upon the litigation before this court if the stay is lifted because plaintiffs have now "cured" the defects in presentment cited by the appellate court.  Plaintiffs followed exactly the stringent requirements set forth in that court's decision in order to ensure that they may obtain judicial review over their § 404(b) claim.  Therefore, whether the appellate court's ruling on jurisdiction ultimately stands or falls will not make a difference to the proceedings before this court.

As demonstrated above, there is no longer any cause to postpone litigation of plaintiffs' waiver claim, which this court has already held to be meritorious.  Plaintiffs have waited on relief for eight months, strengthened and clarified their claim, and taken measures to alleviate any doubts about jurisdiction.  Considerations of fairness and

efficiency should thus compel the court to vacate the stay and permit filing of plaintiffs' amended complaint.

    **II.    THE SUFFICIENCY OF THE AMENDED COMPLAINT IS NOT AT ISSUE IN THIS MOTION, BUT, IN ANY EVENT, EXHAUSTION OF ADMINISTRATIVE REMEDIES WOULD ALMOST CERTAINLY BE WAIVED.**

The Secretary's argument that plaintiffs' § 404(b) theory is "premature" because the Commissioner of Social Security has not yet made a final determination with respect to their request for relief is itself premature. Def. Opp. at 12.  The Secretary essentially raises the question of whether plaintiffs have exhausted their administrative remedies, which is not an inquiry presently before this court.  The only issues appropriately to be determined at this juncture are whether it is still necessary to continue the stay and whether plaintiffs should be permitted to file an amended complaint.  The sufficiency of the proposed amended complaint is a matter for another time.  If the Secretary wishes to raise an exhaustion defense, he may do so, if and when the complaint is eventually filed, by properly bringing a motion under FRCP 12(b)(6) to dismiss it.

Even assuming that exhaustion were relevant to the issue of whether to lift the stay, however, there is more than sufficient authority to support a determination that exhaustion should be waived as to plaintiffs' § 404(b) claim. *Bowen v. City of New York,* 476 U.S. 467, 484 (1986); *Mathews v. Eldridge,* 424 U.S. 319, 331-332 (1976); *Tataranowicz v. Sullivan,* 959 F.2d 268, 275 (D.C.Cir. 1992).  Exhaustion in this case would be a futile endeavor since the claim questions solely the validity of an established policy.  Not only would that analysis not be aided by exhaustion, but it is unreasonable to expect that the defendants would take any corrective action in the administrative process. See *Eldridge,* 424 U.S. at 330 ("unrealistic to expect that the Secretary would consider

substantial changes in the current administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context"). Having argued throughout this case that there is no right to a hardship waiver under any statute, it is disingenuous for the Secretary to suggest that the Commissioner might grant plaintiffs' waiver request, much less inform the analysis for review. Def. Opp. at 12. To be sure, the Commissioner initially responded to plaintiffs' request by declining to respond; the Commissioner asserted that plaintiffs' inquiry fell within CMS' "jurisdiction" and referred it to "that Agency" for consideration. Letters of Annie White, dated May 11, 2007, and May 14, 2007 (Pl. Ex. D) (attached to proposed second amended complaint). To date, plaintiffs have received no initial determination from the Commissioner on the merits of their claim.

Although the complete futility of exhausting administrative remedies in this situation is alone sufficient to waive exhaustion, see *City of New York,* 476 U.S. at 484; *Tataranowicz,* 959 F.2d at 275, the other factors that can be considered "where futility alone is not enough," *id.* – the collateral nature of the claim in this case and the colorable claim of irreparable harm caused by requiring exhaustion, see *Eldridge,* 424 U.S. at 331-332 – also support waiver. The beneficiaries here are not seeking benefits, or even waiver of recovery of their benefits; they are seeking the *right* to request waiver of recovery and notice of that right, which is entirely collateral to a claim for benefits. And, requiring them to exhaust would, by definition, cause irreparable harm, as they would be deprived of their right to seek waiver and to avoid paying back the payment that they cannot afford to repay. Indeed, in issuing the preliminary injunction, this Court has already determined that the beneficiaries have met the irreparable harm standard. 456

7

F.Supp.2d at 23-24.

## CONCLUSION

Because plaintiffs have met the burden of showing that circumstances have changed which obviate the necessity of maintaining a stay of proceedings, their request to lift the stay for the purpose of filing their second amended complaint should be granted.

Respectfully submitted,

VICKI GOTTLICH
D.C. Bar No. 937185
PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W., Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
WEY-WEY KWOK
D.C. Bar No. 461647
JUDITH STEIN
BRAD PLEBANI
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
2033 East Speedway Blvd., Suite 200
Tucson, AZ 85719
(520) 322-0126

Attorneys for Plaintiff

DATED: July 6, 2007

## CERTIFICATE OF SERVICE

    I, Michael Rubin, under the direction of counsel for the plaintiffs, Vicki Gottlich, certify that, on July 6, 2007, the Plaintiffs' Reply Supporting Motion to Vacate Stay and Motion for Leave to File Second Amended Complaint was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael Rubin
Michael Rubin