IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS, et al,, </br></br>Plaintiffs, </br></br>v. </br></br>MICHAEL LEAVITT, </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-1607-HHK |

**DEFENDANT'S UNOPPOSED MOTION, AND MEMORANDUM
IN SUPPORT THEREOF, FOR AN ENLARGEMENT OF TIME
IN WHICH TO ANSWER PLAINTIFFS' FIRST AMENDED
COMPLAINT AND/OR FILE HIS RESPONSIVE MOTION**

Defendant respectfully moves this Court for an enlargement of time in which to file an answer and/or responsive motion in the above-captioned action. The purpose of the motion is to postpone the federal government's obligation to file an answer and/or responsive motion until at least ten days after this Court rules on plaintiffs' recently-filed motions to amend their complaint or, in the alternative, to file a supplemental complaint. The reasons for the requested enlargement are set forth below.

Plaintiffs' complaint, which was filed on September 15, 2006, originally alleged that it was unlawful under 42 U.S.C. § 1395gg(c) for the Secretary of Health and Human Services to recover certain erroneously-made refunds of prescription-drug premiums without first giving Medicare beneficiaries an opportunity to request a hardship-related waiver. The complaint was accompanied by motions for a temporary restraining order and a preliminary injunction. Defendant moved to dismiss on September 21, 2006. On September 27, 2006, this Court granted the preliminary injunction and denied the motion to dismiss. Plaintiffs amended their complaint

on the same day, and defendant appealed the preliminary-injunction ruling two days later. On November 7, 2006, this Court stayed further proceedings until 30 days after a final decision on the preliminary-injunction appeal was rendered by the Court of Appeals for this Circuit.

On April 17, 2007, the Court of Appeals vacated the preliminary injunction. Among other things, the Court held that the language of 42 U.S.C. § 1395gg(c) does not give Medicare beneficiaries the right claimed by plaintiffs to request a waiver. <u>Action Alliance of Senior Citizens v. Leavitt</u>, 483 F.3d 852, 860-61 (D.C. Cir. 2007). On May 30, 2007, plaintiffs petitioned for rehearing, an action that stayed the mandate of the Court of Appeals. Fed. R. App. P. 41(d)(1).

On May 31, 2007, plaintiffs filed a motion to vacate the stay (even though they themselves had prolonged it by petitioning for rehearing) and simultaneously moved for leave to file a second amended complaint. The proposed amended complaint would have dropped plaintiffs' original theory that 42 U.S.C. § 1395gg(c) created putative waiver rights in favor of a new theory premised on language in 42 U.S.C. § 404(b). It also would have added the Commissioner of Social Security as a defendant. On July 24, 2007, this Court declined to vacate the stay and denied the motion to amend the complaint.

On August 27, 2007 (the day the stay ended according to its own terms), plaintiffs filed a second motion for leave to amend their complaint, pursuant to Fed. R. Civ. P. 15(a), and an alternative motion to file a supplemental complaint, pursuant to Fed. R. Civ. P. 15(d). Like its predecessor, the second proposed new pleading would abandon plaintiffs' original claim, replace it with a new claim based on 42 U.S.C. § 404(b), and add the Commissioner as a defendant. Defendant's opposition to these motions is currently due on September 10, 2007.

Because the stay has now ended, defendant is technically under an obligation to file an answer and/or responsive motion in connection with the first amended complaint (which was filed in September 2006 before the stay was entered). However, a response by defendant to plaintiffs' original § 1395gg(c) theory would serve little purpose as a practical matter. If this Court denies plaintiffs' motion to amend their first amended complaint and their alternative motion to file a supplemental complaint, there will be nothing left for the Court to do but enter judgment in favor of defendant (because the § 1395gg(c) theory asserted in the first amended complaint already has been rejected by the Court of Appeals). If the second motion for leave to amend is granted, defendants' answer and/or responsive motion to the new § 404(b) claim will be due ten days later. Fed. R. Civ. P. 15(a). If the alternative motion to file a supplemental complaint is granted, it will be within the discretion of the Court to determine if any additional pleading by defendants would be desirable. Fed. R. Civ. P. 15(d). Under any of these scenarios, an answer to the first amended complaint at this time would merely clutter the record with a superfluous response to an obsolete legal theory that plaintiffs are no longer pursuing.

Defendant has therefore filed the present motion simply to clarify that he is not expected to file any further pleadings or responsive motions until after the Court has ruled on plaintiffs' latest motions to amend and/or supplement their complaint, and, by means of that ruling, the Court has determined whether any legal issues remain to be decided in the case. Counsel for defendant have discussed this motion with counsel for plaintiffs and are authorized to state that plaintiffs do not oppose it. A proposed order is attached.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | |
| DANIEL MERON | PETER D. KEISLER |
| General Counsel | Assistant Attorney General |

| | |
|---|---|
| JANICE L. HOFFMAN<br>Acting Associate General Counsel | JEFFREY A. TAYLOR<br>United States Attorney |
| MARK D. POLSTON<br>Deputy Associate<br>General Counsel for Litigation | /s/ Peter Robbins<br>RICHARD G. LEPLEY<br>PETER ROBBINS<br>Department of Justice |
| MARCUS H. CHRIST<br>LAWRENCE J. HARDER<br>Attorneys<br>United States Department of<br>Health and Human Services | 20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C.  20530<br>Tel:  (202) 514-3953<br><br>Attorneys for Defendant |