UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ACTION ALLIANCE OF SENIOR CITIZENS,        )
GRAY PANTHERS, LUCY CAROLYN LOVEALL,       )
                                           )
                    Plaintiffs,            )
                                           )
            v.                             )   C.A. No. 06-1607 (HHK)
                                           )
MICHAEL LEAVITT, Secretary of Department   )
of Health and Human Services;  MICHAEL J. ASTRUE, )
Commissioner of the Social Security Administration, )
                                           )
                    Defendants.            )
_____)

**(PROPOSED) ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Court having fully considered plaintiffs' motion for summary judgment and the supporting documentation, and defendant's opposition thereto, and defendants' motion to dismiss and plaintiffs' opposition thereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      Defendants' motion to dismiss is denied, and plaintiffs' motion for summary judgment is granted and judgment shall be entered accordingly.

2.      Defendants' refusal to provide the right to seek waiver of recovery and notice of that right and how to obtain that right, including the right to an oral hearing prior to recovery, to Medicare beneficiaries who are enrolled in the Part D prescription drug program and who receive erroneous payments of Social Security benefits, including erroneous payments based on the amount of monthly withholding from their Social Security benefits to pay their Part D premiums,

violates 42 U.S.C. § 404(b), 20 C.F.R. § 404.501 *et seq.*, the Program Operations Manual System, and the Due Process Clause of the Fifth Amendment.

      3.      Defendants, their successors in office, their agents, employees and all persons acting in concert with them are enjoined not to request or demand payment from, or in any way attempt to recover from, any of the approximately 230,000 Medicare beneficiaries who received an erroneous payment of Title II benefits in August 2006 that was based on the amount of one or more months' Part D premium payments withheld from prior Social Security checks, unless and until defendants have carried out the steps outlined in paragraph 4 of this Order.

      4.      Defendants, their successors in office, their agents, employees and all persons acting in concert with them are enjoined to provide the rights set out in this paragraph to each of the approximately 230,000 Medicare beneficiaries who received an erroneous payment of Title II benefits in August 2006 that was based on the amount of one or more months' Part D premium payments withheld from prior Social Security checks, and to send a letter to each of them that sets out these rights:

      a. that the beneficiary has a right under 42 U.S.C. § 404(b) and its implementing regulations to request that recovery of the erroneous payment be waived and to receive a decision on that request;

      b. that waiver of recovery must be granted upon a showing (1) that the beneficiary was not at fault and (2) that recovery of the erroneous payment either would be against equity and good conscience or would defeat the purpose of the Social Security program;

      c. that the beneficiary has the right to request an oral hearing on whether he or she is entitled to waiver of recovery under the standards set out above;

d. that, in the usual circumstances, notification of the right to request waiver, the requesting of waiver, the right to an oral hearing, and obtaining a decision on the request for waiver must be carried out prior to any attempt to recover the erroneous payment;

e. but that, in this case, because the right to waiver was not enforced until over a year after the defendants had demanded recovery, the right to waiver *prior to recovery* will not be available except for those who have not repaid in full the erroneous payment at the time that this Order is signed;

f. that those beneficiaries who have fully repaid the amount of the erroneous payment may request waiver of recovery, and its attendant rights including the right to an oral hearing, *at this time* by checking the box on a one-page document that is included with the letter indicating a desire to request waiver and by returning that document to the address on the letterhead, which will result in their receiving the waiver form that may be filled out and returned;

g. that those beneficiaries who have either not repaid at all or have partially repaid the amount of the erroneous payment

(i) may request waiver of recovery, and its attendant rights including the right to an oral hearing, by checking the box on a one-page document that is included with the letter indicating a desire to request waiver and by returning that document to the address on the letterhead, which will result in their receiving the waiver form that may be filled out and returned; and

(ii) will not be required to pay back or have recovered any (further) amounts until a decision on their request for waiver has been made.

       h. that for any beneficiary for whom the decision is made to waive recovery, (i) all payments previously made by the beneficiary to repay the erroneous payments shall be returned to the beneficiary and (ii) no further recovery attempts shall be attempted or carried out.

    5. Defendants, their successors in office, agents, employees and all persons acting in concert with them are further ordered to make a decision on any request for waiver, including a decision made after an oral hearing provided upon request, within six (6) months of the date on which the completed waiver form is postmarked. The failure to make the decision within that time frame shall be deemed to be a decision that recovery is waived, resulting in the relief provided in paragraph 4(h).

    6. Defendants, their successors in office, agents, employees and all persons acting in concert with them are further ordered to provide a draft of the letter described in paragraph 4 to counsel for plaintiffs at least twenty (20) business days prior to sending it out and to consider their suggestions.

    7. Nothing in this Order shall be construed to prohibit defendants from waiving recovery from any or all of the approximately 230,000 beneficiaries who received the erroneous payments without requiring that they request the right to waiver, on the ground that the cost of recovering the erroneous payment and of providing the right to waiver and its attendant rights exceeds the erroneous payment, or on any other ground that would make the process of offering and carrying out the right to waiver not cost-productive.

    8. The Court shall retain jurisdiction to enforce this Order, and, if necessary, to modify or clarify any of its provisions.

    9. Plaintiffs shall recover their costs of this action pursuant to 28 U.S.C. § 2412(a), and may file a motion for an award of attorneys' fees within the appropriate time frame.

4

**IT IS SO ORDERED.**

DATED: _____          _____
                                Henry H. Kennedy, Jr.
                                United State District Judge