IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-1607-HHK |
| MICHAEL LEAVITT, et al. | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

If this Court grants defendants' motion to dismiss, it is not necessary for it to address plaintiffs' cross-motion for summary judgment. That motion, however, should be denied for the following additional reasons:

On a motion for summary judgment, "[i]f the _moving_ party will bear the burden of persuasion at trial, that party must support its motion with credible evidence – using any materials specified in [Fed. R. Civ. P.] 56(c) – that would entitle it to a directed verdict if not controverted at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986) (emphasis in original) (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727, p. 121 (2d ed. 1983)). Only if the plaintiff meets that threshold burden of production is it necessary for the non-moving party to raise an issue of material fact. Id. Plaintiffs, who bear the burden of persuasion with respect to both subject-matter jurisdiction and the merits, have not met their burden of production here.

First, the centerpiece of plaintiffs' argument on the merits – that the erroneous refunds of Medicare prescription-drug premiums could only have been made out of Title II funds,

Memorandum in Support of Plaintiffs' Motion for Summary Judgment and in Opposition to Defendants' Motion to Dismiss ("Pl. Mem.") at 5-6, 25 – appears nowhere in their Statement of Material Facts as to Which There is No Genuine Issue ("Plaintiffs' Fact Statement"), and, indeed, any such proposition is factually incorrect. The undisputed record evidence is that the erroneous refunds came entirely out of Medicare funds. Declaration of Maria Montilla at ¶ 4 (Def. Ex. A) (attached to this opposition). Plaintiffs have therefore failed to meet their burden of production on motion for summary judgment on an essential element of their legal theory. But, to the extent plaintiffs may be deemed to have asserted that the refunds were made out of Title II funds, the proposition is, at the very least, contradicted by record evidence. Summary judgment in favor of any plaintiff therefore cannot be granted.

In addition, the two associational plaintiffs – Action Alliance of Senior Citizens and the Gray Panthers – have not established that their members have claims within the subject-matter jurisdiction of this Court "with the manner and degree of evidence required" at the summary-judgment stage. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Just as plaintiffs' amended complaint does not allege that members of the plaintiff organizations have met the jurisdictional prerequisites of 42 U.S.C. § 405(g), so too their statement of material facts makes no such averment. Summary judgment therefore cannot be granted to these plaintiffs because they have failed to meet their burden of production with respect to an "indispensable part" of their case. Defenders of Wildlife, 504 U.S. at 561.

Furthermore, the associational plaintiffs have not met their burden of production with respect to standing because they have come forward with no evidence that any of their members

have even received erroneous refunds of prescription-drug premiums.[1]  Whatever putative injury this Court was willing to infer was "likely" at the preliminary injunction stage, Action Alliance of Senior Citizens v. Leavitt, 456 F. Supp. 2d. 11, 16 (D.D.C. 2006), rev'd on other grounds, 483 F.3d 852 (D.C. Cir. 2007), is not sufficient to establish standing on plaintiffs' motion for summary judgment.  See Holt v. Am. City Diner, Inc., 2007 WL 1438489 at *5 (D.D.C. May 15, 2007) ("in the context of a motion for summary judgment on the issue of standing," the plaintiff "faces a higher burden in meeting the elements of standing than when faced with a motion to dismiss").

Finally, any relief that the Court might otherwise be willing to grant should be limited to the one named plaintiff who has actually shown that she received an erroneous refund of prescription-drug premiums and that she has actually pursued the issue of a waiver of recovery through administrative channels.  It is well settled that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs," Madsen v. Women's Health Ctr., Inc., 512 U.S. 753, 765 (1994) (quoting Califano v. Yamasaki, 442 U.S. 682, 702 (1979)), and, in cases of "pure associational standing, an association is limited to relief that, 'if granted, will inure to the benefit of those members of the association actually injured.'" Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 406 (3d Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 511 (1975)); see also Access 4 All, Inc. v. Absecon Hospitality Corp., 2006 WL 3109966 at *7 (D.N.J. Oct. 30, 2006).  On summary judgment, the burden is on

---

[1] Plaintiffs' Fact Statement lacks any assertion that a member of either plaintiff organization received an erroneous refund.  Moreover, the declarations of Pedro Rodriguez and Susan Murany (Doc. 8), to which plaintiffs refer in their moving brief, Pl. Mem. at 9, do not meet their burden. Neither declaration says that any member of the plaintiff association in question (as opposed to other, unidentified, and presumably non-member individuals) received erroneous refunds.

the plaintiff associations to identify which, if any, of their members received erroneous refunds

and which, if any, of their members pursued administrative remedies in the manner mandated by

the Court of Appeals in its preliminary injunction ruling.  <u>Action Alliance of Senior Citizens v.</u>

<u>Leavitt</u>, 483 F.3d 852, 857 (D.C. Cir. 2007).  This is not a situation where relief for non-members

is necessary to ensure complete relief to any members of the plaintiffs associations who

otherwise might meet the jurisdictional requirements to have a claim in their own right.  Any

relief that might be granted should therefore be limited to the named plaintiff only.

<b><u>CONCLUSION</u></b>

For the reasons stated, plaintiffs' motion for summary judgment should be denied.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | |
| JAMES C. STANSEL | JEFFREY S. BUCHOLTZ |
| Acting General Counsel | Acting Assistant Attorney General |
| | |
| CAROL J. BENNETT | JEFFREY A. TAYLOR |
| Acting Associate General Counsel | United States Attorney |
| | |
| MARK D. POLSTON | /s/ Peter Robbins |
| Deputy Associate | RICHARD G. LEPLEY |
| General Counsel for Litigation | PETER ROBBINS |
| | United States Department of Justice |
| MARCUS H. CHRIST | 20 Massachusetts Avenue, N.W., Room 7142 |
| LAWRENCE J. HARDER | Washington, D.C.  20530 |
| Supervisory Trial Attorneys | Tel:  (202) 514-3953 |
| Department of Health | |
| and Human Services | Attorneys for Defendants |
| DAVID BLACK | |
| General Counsel | |
| | |
| THOMAS CRAWLEY | |
| Deputy General Counsel | |
| | |
| GWEN JONES KELLEY | |
| Acting Associate General Counsel | |
| Office of Program Law | |

-4-

EILEEN FARMER
HEDY GORDON
Attorneys
Office of the General Counsel
Social Security Administration