IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-1607-HHK |
| MICHAEL LEAVITT, et al., | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Fed. R. Civ. P. 56(f) and LCvR 7(h) and 56.1, defendants in the above-captioned action respectfully submit the following response to plaintiffs' statement of material facts not in dispute:

1.  Not disputed.

2.  Disputed.  When Part D premium payments are withheld from Social Security checks, they are credited to the appropriate Medicare trust fund account and are paid to the relevant Part D Prescription Drug Plan.  Declaration of Leslie Norwalk at ¶ 3 (Doc. 16).

3.  Not material.  The referenced portion of the Programs Operations Manual System ("POMS Manual") relates only to Medicare Parts A and B, not to Parts C or D.

4 - 8.  Not disputed.

9.  This paragraph contains plaintiffs' characterizations of correspondence from the Social Security Administration, the contents of which speak for themselves, not material facts.  The referenced letter is, in fact, dated August 10, 2006.  (Pl. Ex. I attached to

Supplemental and Second Amended Complaint for Declaratory, Injunctive and Mandamus Relief

("Am. Compl.") (Doc. 47).

10.  This paragraph contains plaintiffs' characterizations of correspondence from

the Centers for Medicare and Medicaid Services ("CMS") to affected Part D enrollees,

the contents of which speak for themselves, not material facts.  A copy of this letter is

appended hereto as Attachment 1.

11.  This paragraph contains plaintiffs' characterizations of a CMS Tip Sheet, the

contents of which speak for themselves, not material facts.

12.  This paragraph contains plaintiffs' characterizations of a CMS news release,

the contents of which speak for themselves, not material facts.

13 - 15.  This paragraph contains plaintiffs' characterizations of correspondence

from CMS to affected Part D enrollees, the contents of which speak for themselves, not

material facts.

16.  Not material, but not disputed.

17.  The statements in this paragraph are not material, because no provision of law

affords plaintiff Loveall the right to request waiver of recovery of the erroneous Part D

premium refund she received.  The only evidentiary support in the record for the

statements in this paragraph is Ms. Loveall's previously-submitted affidavit.  Declaration

of Lucy Loveall ("Loveall Dec.") at ¶ 6 (Doc. 14).  Nothing in this affidavit reflects that

Ms. Loveall – or anyone on her behalf – "confirmed her right to the money" in the course

of any communications with either the Social Security Administration ("SSA") or CMS.

Further, all statements in that affidavit as to communications at unidentified times with

SSA and Medicare by an unidentified social worker are inadmissible hearsay.

18.   The statements in this paragraph are not material, because no provision of law affords

plaintiff Loveall the right to request waiver of recovery of the erroneous Part D premium refund

she received.  The only evidentiary support in the record for the statements in this paragraph is

Ms. Loveall's affidavit.  Ms. Loveall's asserted monthly expenses exceed her asserted

monthly income even without taking into account the small repayment obligation created

by the erroneous refund she received.  Id. at ¶¶ 2, 7.  Had Ms. Loveall elected a seven-

month repayment schedule, as offered by CMS, she would only have had to pay only

$23.10 per month in order to fully repay the erroneous refund she received in the amount

of $161.70.  Id. ¶ 6; Pl. Ex. A (attached to Am. Compl.).

19 - 20.  Not material, but not disputed.

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | |
| JAMES C. STANSEL | JEFFREY S. BUCHOLTZ |
| Acting General Counsel | Acting Assistant Attorney General |
| | |
| CAROL J. BENNETT | JEFFREY A. TAYLOR |
| Acting Associate General Counsel | United States Attorney |
| | |
| MARK D. POLSTON | /s/ Peter Robbins |
| Deputy Associate | RICHARD G. LEPLEY |
| General Counsel for Litigation | PETER ROBBINS |
| | United States Department of Justice |
| MARCUS H. CHRIST | 20 Massachusetts Avenue, N.W., Room 7142 |
| LAWRENCE J. HARDER | Washington, D.C.  20530 |
| Supervisory Trial Attorneys | Tel:  (202) 514-3953 |
| Department of Health | |
| and Human Services | Attorneys for Defendants |
| DAVID BLACK | |
| General Counsel | |

THOMAS CRAWLEY
Deputy General Counsel

GWEN JONES KELLEY
Acting Associate General Counsel
Office of Program Law

EILEEN FARMER
HEDY GORDON
Attorneys
Office of the General Counsel
Social Security Administration

**Attachment 1**

*Sample*

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



August 18, 2006

**This letter is about payments from your Social Security benefits for your Medicare Prescription Drug Plan premiums.**

Dear Medicare Beneficiary:

Recently, an error occurred in Medicare computer systems that may have stopped withholding of your Medicare Prescription Drug Plan premium payments from your monthly Social Security benefits payment. If you recently received a refund check or additional money via direct deposit from the Social Security Administration that you did not expect to receive, then please read this important information below.

If the check or direct deposit payment was refunding Medicare Prescription Drug Plan premium payments, but you didn't ask to stop having premiums withheld from your monthly Social Security benefit payments, a computer error is the likely reason.

Please accept our apologies for any inconvenience this causes you. We'd like you to know what we are doing to correct this problem:

First, you still have your Medicare drug coverage. Social Security has already paid your premium for this coverage.

Second, you should set aside the extra payment you received and not use it for other purposes.

Third, the extra payment you received must be returned. We will let you know soon about that process. Again, you do not need to do anything other than set the money aside.

Fourth, Medicare is currently working to restart withholding premium payments from your monthly Social Security benefits payment as soon as possible. This premium withholding process cannot begin immediately, so the premium deduction will start again with your October Social Security payment. The monthly premium payments owed for October will start coming out of your monthly Social Security benefits payment.

In this or other matters, it's important to remember that Medicare will not contact you to ask for any personal information.  If anyone contacts you asking for Social Security or banking information, don't give it out.  Call 1-877-7SAFERX (1-877-772-3379).

If you have any questions about this letter, please call 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Thank you for your prompt attention to this matter and again please accept our apologies for any inconvenience.

Sincerely,

John R. Dyer
Chief Operating Officer
Centers for Medicare & Medicaid Services


**Para obtener una copia de este aviso en español, llame GRATIS al 1-800-MEDICARE (1-800-633-4227). Los usuarios de TTY deben llamar al 1-877-486-2048.**